LAURA B. GREGORY et al., Respondents, v. WALTER A. JACOBS et al., Appellants, et al., Defendants.— Action by creditors to set aside transfers made by defendant [Walter A. Jacobs]. Appellants argue that the record shows that plaintiffs were not creditors. Their status as creditors arises because of a mortgage given them by defendant. By an earlier action plaintiffs have recovered the interest upon the mortgage debt. This, it is asserted, estops plaintiffs from further action to recover the principal debt and destroys their status as creditors. The Special Term struck out such defense and denied defendants' motion for summary judgment. Order affirmed, with $25 costs. All concur. [See *post,* p. 1006.]

In the Matter of the Estate of CATHERINE HINES, Deceased. THOMAS P. RUANE et al., Appellants; HENRY KRIST, as Administrator of the Estate of CATHERINE HINES, Deceased, Respondent.— Appeal from an order of the Surrogate's Court, Tompkins County, denying the claim of claimants against the estate of Catherine Hines, deceased, for services rendered during decedent's lifetime. The proof, we think, supported appellants' claim. Order reversed on the law and the facts and claim allowed in the sum of $500, with costs to appellants, payable out of the estate. All concur.

MIKE JASTERMSKY, Appellant, v. HELEN M. BENNY, Respondent.— Appeal by plaintiff from a decision dismissing the complaint after trial by the court rendered in Madison County on January 5, 1945, and from a judgment entered herein in Madison County Clerk's Office January 10, 1945. The plaintiff and his wife owned a farm in Chenango County as tenants by the entirety. On August 10, 1942, they deeded to Bradford Wilcox and on the same day he conveyed the same premises to the plaintiff and his daughter, the defendant, as joint tenants. Plaintiff's wife died September 8, 1942. The claim of the plaintiff herein is that he did not understand what the deed accomplished; that as a condition of executing it the defendant assumed various obligations; that the deed was obtained by fraud and was without consideration. The court found that the plaintiff had full knowledge of the import of the deed; that there was no fraud and that there was good consideration and that the defendant attempted to fully perform all agreements upon her part and that plaintiff prevented her from so doing by his conduct. The evidence sustains the decision. Decision and judgment affirmed, with costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLIFFORD J. ROBBINS, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order dismissing a writ of habeas corpus. Relator is now held under two commitments, one by the Supreme Court of Essex County (incorrectly called County Court), dated April 30, 1928. That indictment discloses three previous convictions, one October 10, 1923, jail breaking. The date of the Essex Supreme Court commitment was prior to the enactment of section 1699 of the Penal Law (added L. 1932, ch. 479). Therefore the recent case in the Court of Appeals, *People ex rel. Carollo v. Brophy* (294 N. Y. 540), does not apply. (*People ex rel. Sutton v. Murphy,* 252 App. Div. 815.) Relator is further held under a commitment by the Washington County Court (incorrectly called the Supreme Court) for burglary in the third degree, committed during his parole from the earlier sentence. It appears that there were three convictions prior to the burglary conviction which may be counted at the time of the Washington County Court commitment which was after the enactment of section 1699. The order of the Clinton County Court dismissing the writ of habeas corpus should be affirmed. Order affirmed. Hill, P. J., Heffernan, Foster and Lawrence, JJ., concur; Brewster, J., taking no part.