■ RALPH RAPPAPORT, Respondent, v LEO BLANK et al., Appellants, and IRVING MILLER, Respondent, et al., Defendants.—Order, Supreme Court, New York County, entered October 12, 1977, which denied defendants' motion for summary judgment dismissing the first, second, third, fourth, sixth, ninth and fourteenth causes of action, unanimously modified, on the law, by dismissing the sixth and ninth causes of action, and, as modified, affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered January 25, 1978, insofar as appealed from, unanimously affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered April 27, 1978, which, inter alia, dismissed the sixth cause of action and denied plaintiff's motion to dismiss the sixth counterclaim, unanimously modified, on the law, by vacating as academic so much thereof as dismissed the sixth cause and by dismissing the sixth counterclaim with leave to replead, and, as modified, affirmed,

without costs and without disbursements. An action based upon services rendered is governed by a six-year Statute of Limitations (CPLR 213, subd 2). Defendant Leo Blank asserts that the action in chief was commenced on June 8, 1977. Therefore, the six-year Statute of Limitations bars any claim for services allegedly rendered prior to June 8, 1971. (*Trans Amer. Dev. Corp. v Leon,* 279 App Div 189, affd 305 NY 590.) The documentary evidence indicates that the services underlying the sixth and ninth causes were rendered prior to June 8, 1971. Hence, those causes must be dismissed as time barred. Since the sixth cause should have been dismissed in the order, entered October 12, 1977, the dismissal of that cause in the order, entered April 27, 1978, is rendered academic. The order, entered April 27, 1978, must be modified accordingly. Defendant Leo Blank's first cross claim and his sixth counterclaim alleged the same basis for relief sounding in conspiracy. The order, entered January 25, 1978, was correct in dismissing the first cross claim with leave to replead because the overt acts underlying the conspiracy were not pleaded (8 NY Jur, Conspiracy, § 4, p 498). Similarly, the sixth counterclaim of Leo Blank should have been dismissed with leave to replead given in the order, entered April 27, 1978. Concur—Murphy, P. J., Evans, Markewich and Yesawich, JJ.