■ RALPH RAPPAPORT, Plaintiff, v LEO BLANK, Respondent, and IRV-MILL TAVERN, INC., Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered June 19, 1979, denying the motion of the added defendant Irv-Mill Tavern, Inc., to dismiss the second cross claim in the amended answer of the defendant Leo Blank insofar as appealed from, unanimously reversed, on the law, and the motion granted, with costs. The defendant Leo Blank is granted leave to replead if so advised. The plaintiff brought this action to recover fees for accounting services rendered to the several defendants. One defendant, Leo Blank (Blank), served an answer, including counterclaims against the plaintiff and three cross claims against

a codefendant, Irving Miller (Miller). Special Term, in an order entered January 25, 1978, dismissed two of the cross claims against Miller with leave to replead. The third cross claim was not dismissed. We unanimously affirmed that determination *(Rappaport v Blank,* 66 AD2d 690). Blank served an amended answer containing two cross claims against Miller. The second cross claim was identical to that which was denominated as the third cross claim in the original answer except that it added Irv-Mill Tavern, Inc., as a new defendant. The focal issue on this appeal is the sufficiency of the second cross claim contained in the amended answer. The added defendant Irv-Mill moved to dismiss the cross claim as against it. Special Term denied the motion to dismiss this cross claim, and we would reverse that determination and grant the motion with leave to the defendant Blank to replead if so advised. The second cross claim in the amended answer alleges that Miller and Blank formed a joint venture to acquire, operate, and then sell a bar and grill in Liberty, New York. Though the funds for the joint venture were provided by Leo and Bernard Blank, the profits were to be shared equally. The property was to be held either in the name of Miller or a corporation to be formed. In July, 1964, Irv-Mill Tavern, Inc., was formed. Property was purchased and improved with funds from the joint venture and it was ultimately sold. Blank claimed, however, that Miller retained the records of the joint venture and did not account to the fellow joint venturers. The second cross claim in the amended answer sought an accounting, and was identical to the cross claim previously held sufficient by Special Term and this court *(Rappaport v Blank,* 66 AD2d 690, *supra),* except for the addition of Irv-Mill Tavern, Inc., as a defendant. We would dismiss the second cross claim as against the corporate defendant. Irv-Mill Tavern, Inc., was not a party to the action prior to its inclusion as a defendant in the amended answer, and it cannot be precluded from making a motion regarding the sufficiency of the claim against it. We note that the corporation, as a nominee and recipient of funds of the joint venture, can be required to account for property received, with knowledge that it belonged to the joint venture (see 32 NY Jur, Joint Adventures, § 23). However, we find that the present pleadings do not request an accounting or other relief from the corporate defendant and are therefore deficient. We have accordingly dismissed the cross claim against it. Concur—Birns, J. P., Sandler, Bloom, Lane and Lupiano, JJ.