■ MONA CRAWFORD, Respondent, v BERNARD CANTOR, Appellant. — Order, Supreme Court, New York County (Gomez, J.), entered February 5, 1981, which denied defendant-appellant's motion to dismiss the complaint for failure to state a cause of action, and as barred by the Statute of Frauds and Statute of Limitations, unanimously reversed, on the law, without costs, and motion to dismiss complaint granted. Plaintiff and defendant lived together from January, 1958 until May, 1973. Plaintiff's verified complaint, served October 7, 1980, alleged, *inter alia,* an express oral contract that: "6. In or about the month of January, 1958, plaintiff and defendant entered into an oral agreement wherein each agreed that thereafter they would live together and would combine their skills, efforts, labor, earnings and investments *** 7. The

parties agreed that in the event of dissolution of their living together relationship by death, separation or otherwise, all of said property acquired by either of them thereto as a result of their skills, efforts, labor and earnings and investments, would be divided equally. * * * 10. Pursuant to, in confirmation of, and reliance upon said agreement, plaintiff consented to and in fact did live together with defendant continuously from January, 1958 until May, 1973. * * * 14. In or about May 1973 at defendant's request and insistence, the parties separated. 15. In or about June 1975, plaintiff and defendant attempted a reconciliation. Thereafter the parties continued to cohabit and attempted reconciliation through the autumn of 1976. * * * 19. Defendant has refused and continues to refuse to transfer, convey, assign and pay to plaintiff her equal share of said property, earnings, accumulations and investments, contrary to the terms or provisions of said agreement." For the purposes of the motion to dismiss, the truth of the allegations of the complaint is assumed (see *219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509). CPLR 213 provides in pertinent part: "The following actions must be commenced within six years: * * * 2. an action upon a contractual obligation or liability express or implied". Each of the four causes of action alleged in the complaint: (1) for damages based on breach of express contract, (2) to impress constructive trust based on breach of express contract, (3) to impress constructive trust or damages based on breach of contract, and (4) for declaratory relief, is governed by the six-year limitation provided by CPLR 213. The alleged contract was breached by its terms in or about 1973, when the parties separated. The alleged reconciliation or attempted reconciliation during 1975 and 1976 did not operate to toll the statute. Once breached, the contract remained breached, and there are no allegations of renewal or extension. The action was commenced in October, 1980, approximately seven and one-half years subsequent to the breach and in violation of CPLR 213. We find no fact pleaded or alleged sufficient to toll the operation of the applicable Statute of Limitations. In her affidavit in opposition to the motion, the plaintiff attempts to suggest that the defendant is estopped from pleading the Statute of Limitations because "in November 1976, I demanded defendant abide by his obligations under the aforesaid agreement. Defendant however insisted that I forebear from asserting any claims under the agreement because he was seeking a divorce from his wife and that my demand would complicate matters. Defendant further represented that after the divorce became final, he would pay over to me my equal share of said property pursuant to the agreement". We reject this argument. This one allegation is the sole reference in the entire record to any such forbearance, and it forms an insufficient and improper basis for the imposition of an equitable estoppel. It is unnecessary to reach the other issues raised by the pleadings or the parties. Concur — Kupferman, J. P., Sullivan, Carro and Silverman, JJ.