■ DONAHUE-HALVERSON, INC., Appellant, v WISSING CONSTRUCTION AND BUILDING SERVICES CORP., Respondent. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered October 7, 1982 in Tompkins County, which granted defendant's motion to dismiss the complaint as time barred. Plaintiff, a plumbing and heating contractor, provided labor and

materials for plumbing installations on two of defendant's construction projects in 1974 and 1975. After completion of its work on each project, plaintiff rendered separate bills for balances due less any adjustments. In August, 1982, plaintiff commenced the instant action to recover the amounts unpaid on the two accounts. As to each of the two unpaid balances, the complaint alleged two causes of action, one as an account stated, the other in *quantum meruit*. According to the complaint, the last labor and materials on both projects were furnished in 1975. The complaint further alleges that the accounts on the two claims were stated and balances struck on April 29, 1976 and June 30, 1976, respectively. Therefore, the six-year Statute of Limitations on all of plaintiff's causes of action expired prior to the commencement of this action in August, 1982 (CPLR 213; *Rappaport v Blank*, 66 AD2d 690; *Siepka v Bogulski*, 164 Misc 831). The 1979 oral promise to pay alleged in the complaint and in plaintiff's opposing affidavits is insufficient to toll the Statute of Limitations (General Obligations Law, § 17-101). It is likewise insufficient to create an equitable estoppel barring defendant's resort to the Statute of Limitations. An equitable estoppel may only be invoked where a plaintiff had been induced by fraud, misrepresentation or deception to refrain from timely commencing suit (*Simcuski v Saeli*, 44 NY2d 442, 449). The single instance in 1979 of a vague assurance that defendant would review the two accounts and any offsetting credits and would then pay plaintiff for the amount properly owed does not reflect such conduct as would support an equitable estoppel (*Procco v Kennedy*, 88 AD2d 761, 762; *Crawford v Cantor*, 82 AD2d 791, 792, affd 56 NY2d 529). Nor was that assurance sufficient to justify any reasonable reliance thereon in plaintiff's failure to initiate the instant action for an additional three-year period (*Simcuski v Saeli*, 44 NY2d 442, 449-450, *supra; 509 Sixth Ave. Corp. v New York City Tr. Auth.*, 24 AD2d 975, 976). Finally, plaintiff cannot now contend that the dealings between the parties, including the alleged meeting in 1979, converted plaintiff's claim to a balance due on a mutual, open running account. The accounts were kept separately and billed separately, and the record is devoid of any suggestion that there were offsetting claims by defendant against plaintiff, other than credit for payments defendant contended it had made on the accounts. All of these factors negate the existence of any mutual, open account (*Green v Disbrow*, 79 NY 1; *Matter of Meyrowitz*, 114 NYS2d 541, affd 132 NYS2d 327; *Klein Wagon Works v Hencken-Willenbrock Co.*, 67 Misc 425). Accordingly, Special Term was correct in dismissing the complaint as time barred. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.