■ Leo Blank, Respondent-Appellant, and Bernard Blank, Respondent, v Irving Miller et al., Appellants-Respondents.—Levine, J. Cross appeals from an order of the Supreme Court at Special Term (Klein, J.), entered March 22, 1985 in Sullivan County, which partially granted defendants' motion to dismiss the complaint.

Plaintiffs, Leo and Bernard Blank (hereinafter Leo and Bernard), brought the instant action seeking an accounting based upon a course of dealings between the parties alleged in the complaint as follows. In 1964, plaintiffs and defendant Irving Miller agreed that they would purchase real property in the Town of Liberty, Sullivan County, on which a tavern was located. It was further agreed that the three would each have a one-third interest in the property and that Miller would be the sole operator of the tavern. Pursuant to the parties' understanding, Miller formed defendant Irv-Mil Tavern, Inc. (hereinafter Irv-Mil) which took title as nominee of the three actual owners. Plaintiffs further allege that they contributed all or at least two thirds of the purchase price and of the funds expended in improving the property. In 1966, Miller caused Irv-Mil to sell a portion of the premises to third parties for $45,000, payable partly in cash and the balance by a purchase-money mortgage, which has since been paid in full. The unsold portion of the property remains in the hands of Miller and Irv-Mil. Plaintiffs maintain that Miller and Irv-Mil

have received, diverted and withheld the proceeds of the sale of the tavern property and of the undisposed portion of those premises, two thirds of which plaintiffs are entitled to as beneficial owners.

Defendants moved to dismiss the complaint on the following grounds: (1) another action is pending between the same parties on the same claim against Miller in Supreme Court, New York County; (2) the cause of action against Irv-Mil is barred by res judicata; (3) plaintiffs' entire claim is barred by the Statute of Limitations, laches and the Statute of Frauds; and (4) the complaint fails to state a cause of action. Special Term denied the motion as against Bernard in toto, but granted dismissal of Leo's cause of action against Miller on the basis of the pendency of another action and of Leo's claim against Irv-Mil on the basis of res judicata. Leo, Miller and Irv-Mil have cross-appealed.

Both grounds for dismissal of Leo's cause of action against Miller and Irv-Mil arise out of an action commenced in Supreme Court, New York County, in 1977 against Leo, Bernard and Miller by their former accountant to recover professional fees (hereinafter the New York County action). In that suit, Leo (but not Bernard) cross-claimed against Miller for an accounting, alleging a joint venture concerning the purchase and development of the tavern property in Sullivan County. Leo's cross claim withstood a motion to dismiss for legal insufficiency, which was upheld on appeal *(Rappaport v Blank,* 66 AD2d 690). Leo subsequently amended his cross claim to add Irv-Mil as a defendant thereon, alleging Irv-Mil's status as the nominee of Leo, Bernard and Miller in taking title to the tavern property. On appeal from the denial of Irv-Mil's motion to dismiss that amended cross claim, the First Department reversed on the sole ground that Leo's claim had failed to set forth any request for relief as against that corporate defendant *(Rappaport v Blank,* 73 AD2d 546). That court further concluded that such a nominee of a joint venture could be required to account for property received on behalf of the joint venturers *(supra,* at p 547); accordingly, it granted Leo leave to replead. Leo then further amended his cross claim to add a request for an accounting from Irv-Mil, following which that defendant again moved to dismiss or, in the alternative, for summary judgment. Upon Leo's default in appearance, an order was granted dismissing the complaint as against Irv-Mil, but not with prejudice. A motion by Leo to vacate the default is still pending in the New York County action.

Regarding Leo's appeal, Special Term correctly applied the doctrine of res judicata to his cause of action against Irv-Mil. Although dismissal of a complaint under CPLR 3211 for legal insufficiency is not res judicata on the entire merits of a case, it is preclusive of a subsequent complaint which is virtually identical to the one previously dismissed *(Flynn v Sinclair Oil Corp.,* 20 AD2d 636, 637, *affd* 14 NY2d 853; Siegel, NY Prac § 276, at 332). This remains true even when the earlier dismissal was obtained by default *(175 E. 74th Corp. v Hartford Acc. & Indem. Co.,* 51 NY2d 585, 590, n 1). Examination of the complaint herein and of Leo's dismissed cross claim against Irv-Mil in the New York County action reveals that the two pleadings do not differ in any material respect. Hence, as long as the earlier dismissal remains extant, it bars Leo's cause of action against that defendant as pleaded in the instant action.

We reach a contrary conclusion with respect to the dismissal of Leo's complaint as against Miller which was granted because of the pendency of his cross claim for the same relief in the New York County action. It is true that Leo's cross claim against Miller and the complaint herein state essentially the same cause of action, and thus the motion to dismiss lies under CPLR 3211 (a) (4). However, in our view, Special Term gave inordinate weight to the priority of the action in New York County in deciding the motion. The purpose of the defense of the pendency of another action between the same parties for the same cause is to prevent a party from being harassed or burdened by having to defend a multiplicity of suits *(National Fire Ins. Co. v Hughes,* 189 NY 84, 87; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.19). That purpose will not be attained here by the dismissal of Leo's cause of action. Special Term properly ruled in denying Miller's motion to dismiss against Bernard that, since Bernard did not join in Leo's cross claim against Miller in the New York County action, he is not bound by that pleading. Thus, dismissal of Leo's claim does not avoid Miller's burden of defending against Bernard's cause of action for an accounting. The fact that Bernard has the option to apply to join or otherwise intervene in Leo's cross claim in the New York County action (a point emphasized by Special Term in its decision) is not a sufficient basis upon which to justify dismissal *(see, Dresdner v Goldman Sachs Trading Corp.,* 240 App Div 242, 246). Moreover, Leo's cross claim in the New York County action is an adjunct to an apparently complex and protracted litigation on the main complaint and counterclaims in that suit which was commenced in 1977 and which is still not ready for trial after

extensive and, as yet, uncompleted discovery proceedings. For these reasons, rather than summarily dismissing Leo's cause of action, Special Term more properly should have considered other discretionary remedies to avoid duplicity of trials of the same cause by making "such order as justice requires" (CPLR 3211 [a] [4]; *see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.24), after notification of all affected parties *(Kent Dev. Co. v Liccione,* 37 NY2d 899, 902); remittal is therefore necessary for that purpose.

Turning to the issues raised on Miller's and Irv-Mil's appeals, we affirm Special Term's dispositions in all respects. We agree with the conclusions reached by the First Department in *Rappaport v Blank* (66 AD2d 690, 73 AD2d 546, *supra),* in ruling on essentially the same pleadings, that the complaint is legally sufficient in stating a cause of action for an accounting against both defendants. Likewise, for the reasons more than adequately set forth by Special Term in its decision, the complaint was not subject to dismissal, as a matter of law, on the basis of either the Statute of Limitations or Statute of Frauds.

Order modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss plaintiff Leo Blank's complaint as against defendant Irving Miller; matter remitted to Supreme Court, for further proceedings on said motion not inconsistent herewith; and, as so modified, affirmed. Kane, Weiss and Levine, JJ., concur.

Mahoney, P. J., and Casey, J., concur in part and dissent in part in a memorandum by Casey, J. Casey, J. (concurring in part and dissenting in part). We disagree with so much of the majority's holding as affirms Special Term's dismissal of Leo Blank's complaint against Irv-Mil. Based upon the majority's conclusion that the dismissal of Leo's complaint in the prior action was without prejudice, it necessarily follows that the order cannot be given res judicata effect in this action *(see, City of New York v Caristo Constr. Corp.,* 62 NY2d 819; *Miller Mfg. Co. v Zeiler,* 45 NY2d 956; *Iacono v Japan Line,* 89 AD2d 948, *appeal dismissed* 58 NY2d 1112).