■ VIVIAN REALTY Co., Appellant, v JILLANDREA REALTY ASSOCIATES et al., Respondents. VIVIAN REALTY Co., Appellant, v 317 WEST 87 ASSOCIATES et al., Respondents. OLIVER REALTY Co., Appellant, v TRINA ASSOCIATES et al., Respondents. ZADIK REALTY Co., Appellant, v TRINA ASSOCIATES et al., Respondents. COLUMBIAN REALTY Co., Appellant, v JILLANDREA REALTY ASSOCIATES et al., Respondents.—Order, Supreme Court, New York County (William P. McCooe, J.), entered February 29, 1988, which granted defendants' motion to dismiss the actions pursuant to CPLR 3211 (a) (4) on the ground of prior actions pending, and denied, as moot, defendants' motion to consolidate and plaintiffs' cross motion for partial summary judgment, unanimously reversed to the extent appealed from as limited by appellants' brief, on the law, defendants' motion to dismiss denied, the complaints reinstated, the actions consolidated, and the matter remanded to Supreme Court for determination of plaintiffs' cross motion for partial summary judgment, with costs.

Although the parties involved and the relief sought in the present foreclosure actions are virtually identical to those involved in the five foreclosure actions commenced in 1984 and subsequently stayed in 1985, the present actions differ from the 1984 actions in that the facts underlying the actions are different. In 1984, plaintiffs sought foreclosure because of defendants' failure to make interest payments totaling approximately $267,000 which were due on July 1, 1984, while the present actions seek foreclosure due to defendants' default in the payment of principal amounts due January 1, 1987. Thus, since it appears settled that a mortgagee may maintain sepa-

rate causes of action for interest and principal *(Gregory v Jacobs,* 56 NYS2d 574, 576, *affd* 269 App Div 921) and separate actions for foreclosure based upon defaults involving interest and principal payments due *(Golden v Ramapo Improvement Corp.,* 78 AD2d 648, 650-651), defendants' motions to dismiss on the ground of prior actions pending should have been denied. *(See, Kent Dev. Co. v Liccione,* 37 NY2d 899, 901; *Bofinger v Bofinger,* 107 Misc 2d 573, 574-575.) Since we are reinstating the actions and there was no objection by plaintiffs to that portion of defendants' motion seeking consolidation, such relief is granted and the matter remanded to the Supreme Court for determination of plaintiffs' cross motion for partial summary judgment. Concur—Kupferman, J. P., Ross, Carro, Rosenberger and Smith, JJ.