OPINION OF THE COURT
Stein, J.
In June 2009, plaintiff commenced an action for divorce on the grounds of cruel and inhuman treatment and abandonment (see Domestic Relations Law § 170 [1], [2]). Defendant answered and counterclaimed for spousal support arrears. In September 2010, after enactment of Domestic Relations Law § 170 (7)— which established a new ground for divorce based upon an irretrievable breakdown of the marriage (now referred to as no-fault divorce[1]) — plaintiff unsuccessfully sought defendant’s consent to discontinue the action, presumably so that he could commence a new action based on the recently added no-fault ground.
In March 2011, plaintiff commenced the instant action for divorce pursuant to Domestic Relations Law § 170 (7). Defendant made a pre-answer motion to dismiss this action on the *217 basis that there was “another action pending between the same parties for the same cause of action” (CPLR 3211 [a] [4]) and for failure to state a cause of action (see CPLR 3211 [a] [7]). Supreme Court, among other things, granted defendant’s motion pursuant to CPLR 3211 (a) (4) and dismissed the complaint.[2] Plaintiff now appeals and we reverse.
First, because we do not agree that the complaint in the instant action alleges the same cause of action as the complaint in the first action, we find that this action should not have been dismissed pursuant to CPLR 3211 (a) (4) (see generally Graev v Graev, 219 AD2d 535, 535 [1995]). “The purpose of. . . [CPLR 3211 (a) (4)] is to prevent a party from being harassed or burdened by having to defend a multiplicity of suits” (Blank v Miller, 122 AD2d 356, 358 [1986] [citations omitted]). In determining whether two causes of action are the same, we consider “(1) [whether] both suits arise out of the same actionable wrong or series of wrongs [ ] and (2) as a practical matter, [whether] there [is] any good reason for two actions rather than one being brought in seeking the remedy” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:15 at 29).
Here, plaintiffs first complaint seeks a divorce on the grounds of cruel and inhuman treatment and abandonment. To obtain a divorce on the ground of cruel and inhuman treatment, plaintiff is required to show that “the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant” (Domestic Relations Law § 170 [1]). The other ground asserted by plaintiff in the first action requires proof of “[t]he abandonment of the plaintiff by the defendant for a period of one or more years” (Domestic Relations Law § 170 [2]). On the other hand, the complaint in the instant action seeks a no-fault divorce. Such relief requires a sworn declaration that the marriage was irretrievably broken for a period of at least six months (see Domestic Relations Law § 170 [7]). In our view, these causes of action are not the same (see Kent Dev. Co. v Liccione, 37 NY2d 899, 901 [1975]; DAIJ, Inc. v Roth, 85 AD3d *218 959, 959 [2011]; Mid-State Precast Sys. v Corbetta Constr. Co., 133 AD2d 959, 960 [1987]; see also Polito v Mack-Polito, 297 AD2d 637 [2002]; Graev v Graev, 219 AD2d at 535).
Turning to the second prong of the inquiry, as a practical matter, there is a good reason to allow plaintiff to maintain this action. As the Legislature noted, the intent of no-fault divorce was “to lessen the disputes that often arise between the parties and to mitigate the potential harm to them . . . caused by the current process” (Senate Introducer Mem in Support, Bill Jacket, L 2010, ch 384 at 13). Similarly, the Governor stated, in signing the legislation, that its intent was to “reduce litigation costs and ease the burden on the parties in what is inevitably a difficult and costly process” (Governor’s Approval Mem, Bill Jacket, L 2010, ch 384 at 5, reprinted in 2010 McKinney’s Session Laws of NY at 1511). Thus, allowing plaintiff to proceed on the cause of action for a no-fault divorce — which was not available to him at the time he commenced the first action — will not “unreasonably burden . . . defendant with a series of suits emanating from a single wrong merely by basing each suit on a different theory of recovery” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 03211:15 at 29). To the contrary, it is more likely to lessen the burden on both parties and promote judicial economy by obviating the necessity of a trial on the issue of fault (see e.g. Palermo v Palermo, 35 Misc 3d 1211[A], 2011 NY Slip Op 52506[U], *14 [Sup Ct, Monroe County 2011]; A.C. v D.R., 32 Misc 3d 293, 306-308 [Sup Ct, Nassau County 2011]).
Nor are we persuaded by defendant’s contention that plaintiff, having previously commenced an action prior to the effective date of Domestic Relations Law § 170 (7), may not avail himself of the benefit of the no-fault provision by commencing a new action because it would contravene the Legislature’s intent regarding the statute’s effective date. Unlike the equitable distribution statute, which substantially expanded the economic rights of a spouse in a divorce (see Domestic Relations Law § 236 [B], as added by L 1980, ch 281, § 9; Valladares v Valladares, 55 NY2d 388 [1982]), the change created by Domestic Relations Law § 170 (7) simply provides another ground for obtaining a divorce (see generally Gleason v Gleason, 26 NY2d 28 [1970]). Thus, allowing plaintiff to maintain the new action for a no-fault divorce will not circumvent the Legislature’s intent (compare Tucker v Tucker, 55 NY2d 378, 384-385 [1982]; Valladares v Valladares, 55 NY2d at 392-393).
*219 Accordingly, we conclude that plaintiffs action should be reinstated.[3]
Peters, EJ., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.

. The legislation establishing this new ground specified that it “shall take effect on [October 12, 2010] and shall apply to matrimonial actions commenced on or after such effective date” (L 2010, ch 384, § 2).

. In view of such determination, Supreme Court did not decide whether the complaint stated a cause of action for divorce pursuant to Domestic Relations Law § 170 (7). Nor is there any indication in the record before us that defendant advanced an argument in this regard in Supreme Court. Thus, to the extent that defendant first articulated such challenge at oral argument, it is not properly before us.

. We decline plaintiffs invitation to order consolidation or joinder of the two actions, although Supreme Court may, if it deems it appropriate, exercise its discretion to do so (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:18 at 33; CPLR C3211:19 at 33-34; see also CPLR 602 [a]; Lazich v Vittoria & Parker, 196 AD2d 526, 530 [1993], lv denied 82 NY2d 656 [1993]; John J. Campagna, Inc. v Dune Alpin Farm Assoc., 81 AD2d 633, 634 [1981]; Kevorkian v Harrington, 158 Misc 2d 464, 469 [Sup Ct, New York County 1993]; see generally Blank v Miller, 122 AD2d at 359).