■ DALE WELLS et al., Appellants, v TOWN OF LENOX et al., Respondents. (Action No. 1.) DALE WELLS et al., Appellants, v TOWN OF LENOX et al., Respondents. (Action No. 2.) [974 NYS2d 591]—

Lahtinen, J. Appeal from an order of the Supreme Court (McDermott, J.), entered November 14, 2011 in Madison County, which, among other things, granted defendants' motion to dismiss the complaint in action No. 2.

Following a hearing at which plaintiffs were represented by counsel, defendant Town of Lenox issued an administrative order in August 2006 directing plaintiffs to remove from their property various debris that violated the Town code. The order also authorized the Town to commence cleanup of the property if plaintiffs failed to do so by September 2006. Plaintiffs did not appeal or otherwise challenge the order and, when they failed to remove the debris, the Town did so in October 2006 and again in the fall of 2007. Thereafter, plaintiffs commenced action No.

1 in January 2008 (index No. 08-1057) asserting numerous causes of action and action No. 2 in November 2010 (index No. 10-2144) setting forth many of the same causes of action. Defendants moved to dismiss both actions. Supreme Court dismissed action No. 2 in its entirety and dismissed all causes of action in action No. 1 except the cause of action seeking the value of the debris that had been removed. Plaintiffs appeal.

The transcript of oral argument of the motion before Supreme Court reflects that plaintiffs acknowledged that action No. 2 had the effect of amending the complaint in action No. 1 without first getting leave of the court as required by CPLR 3025 (b). Supreme Court thus dismissed action No. 2 upon such ground. Although the characterization of action No. 2 as an amended pleading of action No. 1 does not appear appropriate since it was a separate action commenced under a separate index number, nonetheless dismissal is appropriate under CPLR 3211 (a) (4), which was a ground argued by defendants for dismissal before Supreme Court and on appeal. Both actions arise from the same alleged conduct by defendants, there is substantial identity of the parties and causes of action, and no plausible reason has been set forth justifying a second action (*see Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622, 622 [2009]; *Matter of Schaller v Vacco*, 241 AD2d 663, 663-664 [1997]; *see also Rinzler v Rinzler*, 97 AD3d 215, 217 [2012]). Defendants' acts in removing debris from plaintiffs' property provided the basis for both actions and those acts had been completed before action No. 1 was commenced.

Plaintiffs contend that Supreme Court erred in dismissing most of their various causes of action in action No. 1. We cannot agree. The causes of action for intentional and negligent infliction of extreme emotional distress failed to "attribute[ ] to defendants . . . conduct that is so extreme and outrageous as to be considered atrocious and utterly intolerable" (*Moore v Melesky*, 14 AD3d 757, 761 [2005] [internal quotation marks and citations omitted]) and, also, "a claim of intentional infliction of emotional distress cannot be maintained against governmental entities" (*id.*). The trespass claim lacks merit since plaintiffs acknowledge that defendants were authorized to enter plaintiffs' property pursuant to an order, and plaintiffs had not appealed or challenged that order (*cf. Woodhull v Town of Riverhead*, 46 AD3d 802, 804 [2007], *lv denied* 10 NY3d 708 [2008]). Since it is uncontested that defendants acted intentionally under an order, the allegations of negligent and gross negligent conduct in coming onto plaintiffs' property lack merit. With regard to the alleged harassment, "New York does not recognize a common-

law cause of action to recover damages for harassment" (*Monreal v New York State Dept. of Health*, 38 AD3d 1118, 1119 [2007] [internal quotation marks and citations omitted]; *see Adeniran v State of New York*, 106 AD3d 844, 845 [2013]; *Ralin v City of New York*, 44 AD3d 838, 839 [2007], *lv denied* 10 NY3d 784 [2008]). Plaintiffs broadly claimed that defendants violated the Americans with Disabilities Act (hereinafter ADA), but failed to cite any authority indicating how the ADA is relevant to their lawsuit or otherwise show a viable claim for damages under the ADA as part of action No. 1. Similarly, their conclusory contentions of violations of the Human Rights Law as well as the US Constitution are unsupported by citation to case law or assertions establishing a cognizable claim.

The remaining arguments—including defendants' contention that action No. 1 should have been dismissed in its entirety—have been considered and found either unpreserved or unavailing.

Peters, P.J., Rose and Garry, JJ., concur. Ordered that the order is affirmed, without costs.