LaBuda v LaBuda (2019 NY Slip Op 05366)





LaBuda v LaBuda


2019 NY Slip Op 05366


Decided on July 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 3, 2019

527571

[*1]PETER LaBUDA, Appellant,
v
FRANK LaBUDA, Respondent.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Foulke Law Firm, Goshen (Evan M. Foulke of counsel), for appellant.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh (Jeffrey S. Sculley of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Burns, J.), entered February 5, 2018 in Delaware County, which, among other things, granted defendant's motion to dismiss the complaint.
In July 2017, plaintiff commenced a personal injury action (hereinafter the prior action) alleging that, on September 25, 2016, defendant operated an all-terrain vehicle (hereinafter ATV) on plaintiff's property without permission and struck plaintiff twice with the ATV. The complaint (hereinafter the first complaint) included a cause of action alleging negligence and a cause of action alleging that defendant acted intentionally. In August 2018, defendant served an answer and counterclaims in the prior action.
Plaintiff thereafter retained new counsel, signing a consent to change attorney on September 12, 2017. On September 19, 2017, plaintiff commenced this personal injury action asserting causes of action for assault, battery, intentional infliction of emotional distress and trespass arising from the same ATV incident that was the basis of the prior action. Defendant served an answer and counterclaims in this action in November 2017. Shortly thereafter, plaintiff moved for a default judgment in this action. Defendant opposed, asserting that the answer was timely served. Defendant further moved seeking dismissal of this action pursuant to CPLR 3211 (a) (4) on the ground that it was duplicative of the prior action, and he also sought sanctions based upon plaintiff's allegedly frivolous conduct in commencing this action and in moving for a default judgment. In response, plaintiff withdrew his motion for a default judgment, conceding that it was premature, and opposed the motion for dismissal and for [*2]sanctions. In February 2018, Supreme Court granted that part of the motion seeking dismissal of the complaint pursuant to CPLR 3211 (a) (4), but denied sanctions. Plaintiff appeals.[FN1]
CPLR 3211 (a) (4) permits the dismissal of an action when "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." In determining whether an action is subject to dismissal under this provision, "the movant must prove that both suits arise out of the same actionable wrong and that there is no good reason why one action should not be sufficient to resolve the disputed issues" (Hinman, Straub, Pigors & Manning v Broder, 89 AD2d 278, 280 [1982]; see Wells v Town of Lenox, 110 AD3d 1192, 1193 [2013]; Rinzler v Rinzler, 97 AD3d 215, 217 [2012]). Here, both suits involve the same parties, arise out of the same incident and seek similar relief. Nevertheless, plaintiff asserts that the causes of action are not sufficiently similar to render the actions duplicative, as the cause of action in the first complaint asserting that defendant acted intentionally is vaguely stated and does not allege the elements of any particular tort, while the second complaint specifically alleges the elements of assault, battery, intentional infliction of emotional distress and trespass.
Plaintiff further claims that he demonstrated a good reason for commencing this action. By affidavit, plaintiff's counsel states that, immediately after he was retained as substitute counsel, he reviewed the first complaint and concluded that, although the factual allegations could permit a rational factfinder to determine that defendant had committed the torts of assault, battery, intentional infliction of emotional distress and trespass, the first complaint's cause of action alleging that defendant had acted intentionally was not sufficiently specific to clearly assert these causes of action. Plaintiff's counsel states that, as of the date that he was substituted, only 13 days remained until the one-year limitations period for intentional torts would expire (see CPLR 215 [3]; James v Flynn, 132 AD3d 1214, 1216 [2015]), a time period that he believed was too short to permit service of a motion for leave to amend the complaint, defendant's response and a determination by the court (see CPLR 2214 [b]). Counsel thus believed that the best course would be to commence this action, with the intention to move promptly thereafter for consolidation or joinder with the first action and then to prosecute the two actions as one.
CPLR 3211 (a) (4) does not require a trial court to dismiss an action upon the ground that another similar action is pending, instead allowing it to "make such order as justice requires" (see Kent Dev. Co. v Liccione, 37 NY2d 899, 901 [1975]; Blank v Miller, 122 AD2d 356, 358-359 [1986]). We are mindful that "[i]t is not necessary that the precise legal theories presented in the first action also be presented in the second action" to support a conclusion that two actions are "sufficiently similar" to require the imposition of a remedy pursuant to CPLR 3211 (a) (4) (Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622 [2009] [internal quotation marks and citations omitted]). Nevertheless, "[t]he purpose of the defense of the pendency of another action between the same parties for the same cause is to prevent a party from being harassed or burdened by having to defend a multiplicity of suits" (Blank v Miller, 122 AD2d at 358; accord Rinzler v Rinzler, 97 AD3d at 217; see 7-3211 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3211.19). In our view, the reasons stated by plaintiff for commencing this action rather than moving for leave to amend the first complaint are not so clearly inadequate that dismissal was required to serve that purpose (see Blank v Miller, 122 AD2d at 358).
The two actions were commenced barely two months apart, and plaintiff's counsel acted within days after he was retained, with the stated purpose of ensuring compliance with the applicable statute of limitations. Filing the complaint in this action served the policy purposes of limitation periods by providing defendant with timely, specific notice of the additional causes of action (see Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 429 [1969]; Pollicino v Roemer & Featherstonhaugh, 260 AD2d 52, 56 [1999])[FN2]. As both actions involved the same parties and were pending in the same court before the same judge, no possibility of inconsistent results or other such prejudice to defendant resulted from the commencement of this action (see Wimbledon Fin. Master Fund, Ltd. v Bergstein, 147 AD3d 644, 645 [2017]). Further, in view of the rapidly impending deadline following the substitution of plaintiff's counsel, the commencement of this action was not merely an improper attempt to avoid the requirement of obtaining leave to amend the first complaint (compare Wells v Town of Lenox, 110 AD3d at 1193). We note that Supreme Court agreed with plaintiff that there was insufficient time to pursue a motion for leave to amend pursuant to CPLR 2214 (b). As the court observed, it was possible that plaintiff could have obtained timely relief by bringing a request for leave to amend the first complaint via an order to show cause (see CPLR 2214 [d]). Nevertheless, even if counsel erred in failing to pursue that course, dismissal of this action is too harsh a consequence.
Where, as here, relief is required under CPLR 3211 (a) (4) to correct similar pending actions, "consolidation or joint trial is permissible and in many instances preferable to dismissal" (Siegel, NY Prac § 262 at 507 [6th ed 2018]; see Reckson Assoc. Realty Corp. v Blasland, Bouck & Lee, 230 AD2d 723, 724-725 [1996]; Vivian Realty Co. v Jillandrea Realty Assoc., 149 AD2d 368, 369 [1989]; John J. Campagna, Inc. v Dune Alpin Farm Assoc., 81 AD2d 633, 634 [1981]; John R. Higgitt, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:17 at 38). In his opposition to defendant's motion to dismiss, plaintiff requested such relief as an alternative remedy. Thus, the requirement for notice to defendant before consolidation is ordered has been satisfied (see CPLR 602 [a]; compare Kent Dev. Co. v Liccione, 37 NY2d at 901-902])[FN3]. Accordingly, we direct Supreme Court to consolidate this action with the first action, and remit for that purpose.
Next, plaintiff asks this Court to "take action it deems appropriate" in response to alleged professional misconduct by defendant's counsel. As part of its opposition to defendant's motion for sanctions, plaintiff asked Supreme Court to investigate the alleged misconduct — which involved correspondence related to plaintiff's motion for default — by conducting discovery and an evidentiary hearing. The court declined to do so, finding that any related issues had become irrelevant when plaintiff withdrew the default motion. We find no error in that determination. To the extent that plaintiff now seeks relief other than the previously-mentioned discovery and evidentiary hearing, any such request is unpreserved (see generally People v Brockway, 277 AD2d 482, 485-486 [2000]).
Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the complaint; said motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: An appeal in the prior action is also before this Court (LaBuda v LaBuda, ___ AD3d ___ [appeal No. 528329, decided herewith]). Both the prior action and this action were initially commenced in Sullivan County and later transferred to Delaware County.

Footnote 2: Plaintiff's assertions that this action was commenced to preserve the causes of action asserted herein rather than to harass or burden defendant with duplicative claims, and that he intended to seek a prompt consolidation, are supported by the fact that the complaint in this action, unlike the first complaint, does not include a cause of action for negligence.

Footnote 3: Defendant did not object to this request by plaintiff (see Vivian Realty Co. v Jillandrea Realty Assoc., 149 AD2d at 369).