■ In the Matter of DAVID B. ALLEMAN et al., Respondents-Appellants, v SUNREST HEALTH FACILITIES, INC., Appellant-Respondent.—In a proceeding for dissolution of a corporation pursuant to Business Corporation Law § 1104-a, the corporation appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Stark, J.), entered January 31, 1990, as permitted the petitioners to file a demand for the fair value of their shares to be determined

pursuant to Business Corporation Law § 910, and the petitioners cross-appeal from so much of the same order and judgment as denied their petition for dissolution of the corporation pursuant to Business Corporation Law § 1104-a.

Ordered that the order and judgment is modified, on the law, by deleting the second and third decretal paragraphs thereof; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the appellant-respondent.

The petitioners are the owners of approximately 23% of the outstanding shares of the corporation Sunrest Health Facilities, Inc. (hereinafter Sunrest). They commenced this proceeding for dissolution of Sunrest pursuant to Business Corporation Law § 1104-a (a) (1), alleging that the directors or those in control have been guilty of illegal, fraudulent or oppressive conduct towards them. The petitioners alleged that they were removed as directors in contravention of the shareholders' agreement and that a proposed merger of Sunrest with a corporation formed by the majority of the shareholders would deprive them of the fair value of their shares along with any effective participation in the operation of Sunrest.

The court denied the petition for dissolution without a hearing, finding that the petitioners' allegations did not raise a factual issue as to oppressive conduct. The court concluded that the real dispute among the shareholders concerned the fair value of the shares, and consequently permitted the petitioners to serve a notice of election to dissent from the merger and to demand the fair value of their shares pursuant to Business Corporation Law §§ 623 and 910.

We conclude that the petition for dissolution was properly denied (see generally, Matter of Kemp & Beatley, 64 NY2d 63). Under the shareholders' agreement, the petitioners' claim regarding their removal as directors is subject to arbitration. This court was advised at oral argument of this appeal that the merger did not receive the necessary approval of the Public Health Council. Thus, the petitioners' claims with respect to the effect of the proposed merger have been rendered moot. Accordingly, the order and judgment is modified by deleting those provisions thereof which permitted the petitioners to file a notice of election to dissent from the merger and to demand the fair value of their shares. Contrary to the petitioners' contention, they are not entitled to demand the fair value of their shares pursuant to Business Corporation Law § 1118 as an alternative to dissolution because the

other shareholders did not elect to purchase the petitioners' shares after this proceeding was commenced *(see, Matter of Farega Realty Corp.,* 132 AD2d 797). Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.