██ In the Matter of PETER G. APPLE, Respondent. APPLE RUBBER PRODUCTS, INC., Appellant. [637 NYS2d 534] —Order unanimously reversed on the law without costs, motion granted and petition dismissed. Memorandum: Supreme Court erred in concluding that the offer of Steven Apple to purchase the shares of petitioner, Peter G. Apple, in Apple Rubber Products, Inc. (Apple Products) constituted an election pursuant to Business Corporation Law § 1118 that relieved petitioner of the burden of proving the allegations of oppressive conduct. Prior to the filing of the petition pursuant to Business Corporation Law § 1104-a, Steven exercised the option to purchase Peter's shares under the terms provided for in the shareholders' agreement. Thus, his offer cannot be deemed a clear and unequivocal election to purchase Peter's shares for fair market value (see, Business Corporation Law § 1118 [a]; Matter of Alleman v

*Sunrest Health Facilities,* 176 AD2d 287, 288-289; *Mirabito & Sons v Mirabito,* 137 Misc 2d 972, 976).

It is unnecessary to decide whether Peter Apple had standing to commence a proceeding under Business Corporation Law § 1104-a at the time it was filed in the afternoon of August 31, 1994. Even assuming, arguendo, that the closing that morning was ineffective and that Peter Apple was still a stockholder in the afternoon, the basis for his petition is allegedly oppressive conduct in that his employment was terminated, triggering a mandatory offer to sell his stock at a price set in the share purchase agreement. That agreement explicitly binds each shareholder to offer to sell his or her stock within 30 days after ceasing for any reason, either voluntarily or involuntarily, to be in the employ of the corporation. That agreement is enforceable and Peter Apple cannot be heard to argue that he had a reasonable expectation that he would be employed and would be a shareholder for life. The court should have granted respondent's motion to dismiss the petition *(see, Gallagher v Lambert,* 74 NY2d 562, *rearg denied* 75 NY2d 866; *Matter of Ingle v Glamore Motor Sales,* 73 NY2d 183). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Corporate Dissolution.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.