In the Matter of the Dissolution of HGK ASSET MANAGEMENT, INC., Appellant. WARREN A. GREENHOUSE, as Holder of One-Third of All Outstanding Shares Entitled to Vote in Election of Directors, Respondent. [644 NYS2d 26]

Petitioner's allegations that he owns one-third of the shares in the subject corporation, that the other two one-third shareholders summarily expelled him from his directorship, fired him as an officer and employee of the corporation, and denied him all forms of compensation, benefits and access to corporate property, and that he reasonably expected to be employed, remain a director, and be treated equally with the other two directors for as long as he remained a shareholder, suffice not only to state a cause of action for involuntary dissolution (see, Matter of Kemp & Beatly [Gardstein], 64 NY2d 63; Matter of Burack [I. Burack, Inc.—Burn-Rite Value Mfg. Corp.], 137 AD2d 523, lv dismissed 73 NY2d 851), but also warranted the grant of the application, given papers on respondent's motion to dismiss that effectively constituted an answer but which failed to raise any genuine issues of fact on the question of oppression (CPLR 404 [a]). A hearing was appropriately directed to determine whether liquidation is necessary (Business Corporation Law § 1104-a [b]). Concur—Milonas, J. P., Rosenberger, Wallach, Ross and Tom, JJ.

In the Matter of WILLIAM T. MARTIN, a Suspended Attorney. [644 NYS2d 613] No opinion. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Nardelli, JJ.