■ FRANK R. LaBARBERA, Appellant, v VINCENT M. D'AMICO et al., Respondents. (Matter No. 1.) In the Matter of FRANK R. LaBARBERA, Appellant. VINCENT M. D'AMICO, Respondent. (Matter No. 2.) [659 NYS2d 96] —In a consolidated action, *inter alia,* to recover damages for breach of contract and a proceeding for the judicial dissolution of a professional service corporation, the plaintiff/petitioner appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered June 26, 1996, which, as amended by a so-ordered stipulation of the parties dated January 23, 1997, granted the defendants' motion for summary judgment dismissing the consolidated action and proceeding.

Ordered that the order as amended is reversed, on the law, with costs, and the motion for summary judgment is denied as to both defendants.

In his petition the plaintiff/petitioner, Frank R. LaBarbera, sufficiently pleaded a cause of action for dissolution under Business Corporation Law § 1104-a (a) (1) and (2) *(see, Matter of HGK Asset Mgt.,* 228 AD2d 246), the allegations of which, if borne out, would entitle him to relief. Therefore, it was error to dismiss the petition where LaBarbera alleged that he was made a 50% shareholder in the subject professional service corporation and the certificate of incorporation reflected that he was "to be [one of] the original stockholders, directors and officers of the corporation".

In light of the above and in the face of the individual respondent's denial that LaBarbera held any interest in the corporation, the court should have ordered a hearing to determine whether the petitioner was a shareholder and held

the requisite amount of shares (20% or more) to bring a proceeding pursuant to Business Corporation Law § 1104-a *(see, Matter of Kournianos,* 175 AD2d 129, 129-130). The dismissal of the proceeding was inappropriate in the presence of a genuine issue of fact regarding the threshold matter of standing *(see,* CPLR 3212 [b]) and a hearing must be held thereon.

Upon our review of the complaint, we find that it too was improperly dismissed. The causes of actions asserted against the defendants/respondents are not barred by General Obligations Law § 5-701 (a) (1) *(see, Cohon & Co. v Russell,* 23 NY2d 569, 574; *Hubbell Elec. v State of New York,* 153 Misc 2d 810, 812-813; General Obligations Law § 5-701 [b] [3] [c]). Miller, J. P., Sullivan, Joy and Altman, JJ., concur.