■ In the Matter of PAUL G. WILLIAMSON, as Holder of More Than 20% of All Outstanding Shares of Williamson, Picket, Gross, Inc., Respondent, v WILLIAMSON, PICKET, GROSS, INC., Appellant. [687 NYS2d 53] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered April 2, 1998, which, in a proceeding pursuant to Business Corporation Law § 1104-a (a) (1) to dissolve respondent corporation on the ground of oppressive action, *inter alia*, granted the application, directed a hearing to determine whether liquidation of the corporation is necessary, and denied respondent's motion to dismiss the petition or transfer the proceeding to Westchester County, unanimously affirmed, with costs.

We agree with the IAS Court that petitioner's allegations that he was involuntarily ousted from any involvement or ownership in respondent corporation, of which he was a founding one-third shareholder, by the other two one-third shareholders, not only stated a cause of action for involuntary dissolution based on oppressive action, but also warranted the granting of the application, given papers on respondent's motion to dismiss that effectively constituted an answer but which failed to raise any genuine issues of fact on the question of oppression (*Matter of HGK Asset Mgt. [Greenhouse]*, 228 AD2d 246; *see, Matter of Kemp & Beatley [Gardstein]*, 64 NY2d 63, 72-73). We note that there is no provision in the shareholders' buy-back agreement for involuntary discharge (*compare, Matter of Apple [Apple Rubber Prods.]*, 224 AD2d 1016, *lv denied* 88 NY2d 811), and that petitioner's employment was an incident of his stock ownership, cloaking him with a reasonable expectation of continued employment (*compare, Matter of Wiedy's Furniture Clearance Ctr. Co. [Wiederspiel]*, 108 AD2d 81, 83-84, *with Gallagher v Lambert*, 74 NY2d 562). We have considered respondent's other arguments, including those based on procedural grounds, and find them to be without merit. Concur—Sullivan, J. P., Lerner, Andrias and Saxe, JJ.