■ In the Matter of the Dissolution of CAN PLANT MAINTENANCE, INC., Appellant. BRIAN BLAKE, Respondent. [705 NYS2d 454] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this proceeding for judicial dissolution pursuant to Business Corporation Law § 1104-a, respondent contends that Supreme Court erred in denying its motion to dismiss the petition pursuant to CPLR 404 (a). We disagree. Petitioner, a 49% shareholder of respondent corporation, alleges that he was wrongfully discharged from his employment with respondent and wrongfully excluded from corporate affairs. Those allegations, if proven, are sufficient to establish "oppressive actions" toward petitioner within the meaning of Business Corporation Law § 1104-a (a) (1) (see, Matter of Kemp & Beatley [Gardstein], 64 NY2d 63, 72-73; cf., Matter of Williamson v Williamson, Picket, Gross, 259 AD2d 362). Respondent failed to establish as a matter of law either that petitioner was discharged for good cause or that there is a valid and enforceable agreement for the sale of petitioner's shares to the majority shareholder, so as to render dissolution inappropriate.

We further conclude, however, that the court erred in determining that the majority shareholder has made an election to purchase petitioner's shares pursuant to Business Corporation Law § 1118 (a). Pursuant to Business Corporation Law § 1118 (a), such an election must be made within 90 days after the filing of a petition pursuant to section 1104-a or at such later time as the court within its discretion may allow. Thus, the July 1996 letter of intent providing for such a sale cannot constitute a section 1118 election to purchase petition-

er's shares in connection with this section 1104-a proceeding commenced in March 1998 (*see, Matter of Apple,* 224 AD2d 1016, *lv denied* 88 NY2d 811), and the provision staying the proceedings for the purpose of ascertaining the fair value of petitioner's shares pursuant to Business Corporation Law § 1118 must be vacated. We therefore modify the order by vacating the third and fourth ordering paragraphs. (Appeal from Order of Supreme Court, Chautauqua County, Cass, J.— Business Corporation Law.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ.