■ In the Matter of DANIEL P. LUND, Respondent, v KRASS SNOW & SCHMUTTER, P.C., et al., Appellants. [879 NYS2d 127]—

Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 5, 2008, awarding petitioner $569,010, plus, inter alia, interest at the rate of 9% per annum, unanimously modified, on the law and the facts, to find that the Pension Answer Book is not a firm asset, and otherwise affirmed, without costs, and the matter remanded for recalculation of the firm's value without that asset. Payment of any judgment awarded shall be conditioned upon petitioner's formal release of his equity interest in respondent law firm.

The finding that respondents were guilty of oppressive actions against petitioner was substantiated by corporate tax records of respondent law firm reflecting the uncompensated disgorgement of petitioner's 39% equity interest in the firm during his last year as a member (*see* Business Corporation Law § 1104-a [a] [1]; *Matter of Kemp & Beatley [Gardstein]*, 64 NY2d 63, 72-73 [1984]; *Matter of Williamson v Williamson, Picket, Gross*, 259 AD2d 362 [1999]).

The finding as to the fair value of petitioner's equity share in the firm was substantiated by the evidence offered by petitioner's expert appraiser, which included his report, with supporting documentation, and testimony. The asset values recommended by the expert were based on a cost/asset analysis, and the basis for the final values proposed by the expert can be gleaned from the record. Respondents elected not to submit a counter appraisal.

However, petitioner's expert's inclusion of the Pension Answer Book, that was cowritten by Stephen J. Krass, one of the respondent partners, prior to formation of the firm, as an asset of the firm is unsupported by the record. The Referee found that while, during their 1984 discussion about merging their firms and forming a new law firm, petitioner and Mr. Krass discussed the book becoming an asset of the firm, that was never reflected in the firm's financial records. Krass not only owned and controlled the royalties paid on the book, and was taxed individually for the book's earnings but, although the royalties were listed on internal firm documents as a line of fee income, the firm's distributions to him were reduced by the amount of royalties he received. The fact that several of the firm's lawyers contributed legal work (on firm time) to subsequent revisions of the book, which was deemed a marketing tool for the firm, does not render it a firm asset.

Additional cash assets of the firm that allegedly had been earmarked for bonus compensation and other incentive payments to be distributed within a month after the filing of the petition on November 20, 2001 were properly treated as assets of the firm and subject to valuation. These cash assets remained within the firm's control to dispose of as necessary.

The imposition of a 9% interest rate on the judgment award was appropriate under the circumstances (*see* Business Corporation Law § 1118; CPLR 5001 [a]; *Sexter v Kimmelman, Sexter, Warmflash & Leitner*, 43 AD3d 790, 795 [2007]).

Respondents' obligation to pay the judgment award should have been conditioned upon petitioner's formal release of his equity interest in the firm (*see* Business Corporation Law § 1118; *Matter of Kemp*, 64 NY2d at 74).

We have considered appellants' remaining arguments and find them without merit. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Moskowitz and Renwick, JJ.