■ WILLIAM D. ZABEL et al., as Coexecutors of BELLE LINSKY, Deceased, Respondents, v RICHARD KARASIK et al., Appellants.—Order, Surrogate's Court, New York County (Eve Preminger, S., upon decision of Marie Lambert, S.), entered March 27, 1991, which, in a discovery proceeding pursuant to SCPA 2103, denied respondents' motion to dismiss the petition without prejudice or to stay discovery, directed respondents to answer the petition, and directed that discovery thereafter proceed on an expedited basis, unanimously affirmed, without costs.

The coexecutors of the estate of Belle Linsky assert a claim to certain works of art and other valuable property stored in a vault leased by respondent Weeks Office Products Inc., which is allegedly controlled by respondent Richard Karasik. Prior to commencement of this proceeding, one of the coexecutors, Muriel Karasik, in her individual capacity, asserted in the course of a matrimonial action against her husband, respondent herein, Richard Karasik, that the property in the vault had been acquired by her "either by gift or inheritance from my parents or through purchase with funds which I obtained through gift or inheritance from my parents", and was therefore her separate property.

The Surrogate did not abuse her discretion in denying the motion to dismiss without prejudice or to stay the proceeding on grounds of another action pending, since neither the parties nor the causes of action in the two proceedings are the same or even substantially similar (Morgulas v Yudell Realty, 161 AD2d 211; Hope's Windows v Albro Metal Prods. Corp., 93 AD2d 711). It is clear the estate's claim of ownership is based upon events predating those that might give Muriel Karasik a

superior right to equitable distribution over Richard Karasik, and that neither the estate nor the lessee of the vault are parties to the matrimonial action. Nor should the estate's claim be barred on the basis of inconsistent positions taken by Muriel Karasik in the two proceedings (see, *Matter of Martin v C. A. Prods. Co.*, 8 NY2d 226, 231). Assuming arguendo that an executor can ever be barred from attempting to fulfill the fiduciary duty of marshalling the assets of an estate because of a position taken in a prior action in an individual capacity, we do not perceive petitioner Karasik's earlier assertions in the matrimonial action, made after her mother's death but before probate of her mother's will or distribution of assets from the estate, to be necessarily inconsistent with the position she presently espouses. Indeed, the prior statement in support of her matrimonial action claim of separate property can be understood as resting upon the present claim of her mother's estate.

While it might be advantageous to have all claims to the same property determined in a single or consolidated proceeding, we do not disturb the Surrogate's present exercise of discretion, for where no party sought consolidation, the alternative would be to rely upon the uncertainty of petitioners' intervention in the matrimonial action (see, *Blank v Miller*, 122 AD2d 356, 358). The Surrogate's Court, having expertise in matters of decedents' affairs, took steps to ensure that the present proceeding would be prosecuted expeditiously in order that the estate's claim of ownership based upon earlier-occurring events might be determined before any related issues were reached in the stalled Supreme Court matrimonial action. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.