■ In the Matter of POLISH YOUTH ASSOCIATION et al., Respondents, v DOM, INCORPORATED, et al., Appellants. [909 NYS2d 372]—

In a proceeding, inter alia, to set aside an election of the directors of DOM, Incorporated, DOM, Incorporated, Antoni Chroscielewski, Andrzej Buczek, Jadwiga Kawa, Zygmunt Bielski, Richard Mazur, Antoni Zyczynski, Grazyna Moscicki, Mark Chroscielewski, also known as Marek Chroscieliewski, Tamara Swiatkowska, Zenon Karas, and Ted Wozniak appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated September 24, 2009, which denied their motion for leave to serve an amended answer.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 3025 (b), leave to amend a pleading "shall be freely given upon such terms as may be just." Nonetheless, a motion for leave to amend a pleading will be denied where the proposed amendment is palpably insufficient, is patently devoid of merit, or would prejudice or surprise the opposing party (see *Sheila Props., Inc. v A Real Good Plumber, Inc.*, 59 AD3d 424, 426 [2009]).

Here, the appellants sought leave to serve an amended answer, inter alia, to add an "affirmative defense of and counterclaim for" common-law dissolution of the petitioner Polish Youth Association on behalf of the individual appellants. However, the proposed amendment was palpably insufficient insofar as it failed to include any allegations that the individual appellants were minority shareholders of Polish Youth Association (see *Matter of Sternberg [Osman]*, 181 AD2d 897, 898 [1992]; *Lewis v Jones*, 107 AD2d 931, 932-933 [1985]; cf. *Matter of Edgewater Point Prop. Owners' Assn.*, 4 AD3d 526 [2004]). Accordingly, the Supreme Court properly denied the appellants' motion for leave to serve an amended answer (see *Ricca v Valenti*, 24 AD3d 647, 648 [2005]).

In light of our determination, we need not reach the appellants' remaining contentions. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.