# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

854

CA 13-01343

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

RED BARN COUNTRY, LLC, PLAINTIFF,
AND GARY HAFNER, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

LINDA TROMBLEY, DEFENDANT-RESPONDENT.

---

WOODRUFF LEE CARROLL, SYRACUSE, FOR PLAINTIFF-APPELLANT.

CURTIN & DEJOSPEH, P.C., CAZENOVIA (CHRISTINA F. DEJOSEPH OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered October 29, 2012. The order, insofar as appealed from, granted that part of defendant's motion seeking to dismiss the plaintiffs' amended complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the amended complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking to recover money paid by Gary Hafner (plaintiff) to discharge a mortgage on property owned by defendant, his sister. Plaintiff and his father (hereafter, decedent) each owned various parcels of land that comprised the family farm and obtained a single note and mortgage encumbering those parcels. Plaintiff and decedent thereafter defaulted on the mortgage, and the bank commenced a foreclosure action, at which time decedent conveyed certain parcels that were subject to the mortgage to defendant, his daughter. Decedent conveyed his remaining parcels that were subject to the mortgage to plaintiff, who in turn sold them to Red Barn Country, LLC (Red Barn). As part of the transaction with Red Barn, plaintiff was required to pay off the mortgage. Decedent commenced an action seeking to set aside the transfer of the property to defendant and, after his death, the action was dismissed by Supreme Court on the ground that it was duplicative of a proceeding pending in Surrogate's Court "surrounding the distribution of the assets of [decedent's] Estate." Defendant moved, inter alia, to dismiss the instant action on the ground that the issues raised herein likewise should be resolved in the action in Surrogate's Court, and plaintiff appeals from an order granting that part of defendant's motion. We reverse the order insofar as appealed from.

Pursuant to CPLR 3211 (a) (4), "[a] party may move for judgment dismissing one or more causes of action . . . on the ground that . . . there is another action pending between the same parties for the same cause of action in a court of any state or the United States."  "In determining whether two causes of action are the same, we consider '(1) [whether] both suits arise out of the same actionable wrong or series of wrongs[ ] and (2) as a practical matter, [whether] there [is] any good reason for two actions rather than one being brought in seeking the remedy' " (*Rinzler v Rinzler*, 97 AD3d 215, 217; *see Kent Dev. Co. v Liccione*, 37 NY2d 899, 901; *JC Mfg. v NPI Elec.*, 178 AD2d 505, 506; *Mullins v Saul*, 130 AD2d 634, 636).  We conclude that CPLR 3211 (a) (4) is not applicable here inasmuch as the parties are not the same nor are the causes of action or the relief sought the same.  The " 'actionable wrong' " in the action in Surrogate's Court was the transfer of the disputed property to defendant, whereas the " 'actionable wrong' " in this action was defendant's failure to pay the mortgage on the disputed property (*Rinzler*, 97 AD3d at 217).  The court therefore erred in dismissing the amended complaint because "neither the parties nor the causes of action in the two [actions] are the same or even substantially similar" (*Zabel v Karasik*, 184 AD2d 436, 436; *see Ramsey v Ramsey*, 69 AD3d 829, 832).

Entered:  September 26, 2014                              Frances E. Cafarell
                                                          Clerk of the Court