■ ZDENO JADRON, Appellant, v 10 LEONARD STREET, LLC, et al., Respondents. [2 NYS3d 563]—

In an action, inter alia, to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law article 10, the plaintiff appeals (1) from an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 25, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) (4) to dismiss the amended complaint, and (2), as limited by his brief, from so much of an order of the same court dated March 14, 2014, as, inter alia, upon renewal, adhered to the original determination.

Ordered that the order dated October 25, 2013, is reversed, on the law, the defendants' motion pursuant to CPLR 3211 (a) (4) to dismiss the amended complaint is denied, and the order dated March 14, 2014, is vacated; and it is further,

Ordered that the appeal from the order dated March 14, 2014, is dismissed as academic in light of our determination on the appeal from the order dated October 25, 2013; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant Robert A. McAlpine is a real estate developer and the sole member and manager of the defendants 10 Leonard Street, LLC (hereinafter 10 Leonard), and 10 Boulevard, LLC (hereinafter 10 Boulevard). On the morning of October 21, 2010, the plaintiff was injured when he fell approximately 30 feet from the roof of a building on property owned by 10 Leonard which was being converted into artist live/work lofts. Approximately two months later, on December 28, 2010, the plaintiff commenced a personal injury action in the Supreme Court, Suffolk County, against several parties, including 10 Leonard, 10 Boulevard, and the project's general contractor, McAlpine Construction Company, Inc., seeking to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). In his personal injury complaint, the plaintiff alleged that he had been injured in a fall from a

building located at 10 Leonard Street in Beacon, and that the defendants 10 Leonard and 10 Boulevard both owned, managed, controlled, and maintained the premises. On December 30, 2010, two days after the personal injury action was commenced, 10 Leonard transferred approximately one half of its property, including the portion containing the artist live/work lofts building, to 10 Boulevard.

More than two years later, while various motions and cross motions for summary judgment were pending in the personal injury action, the plaintiff commenced the instant action in the Supreme Court, Dutchess County, against McAlpine, 10 Leonard, and 10 Boulevard seeking, inter alia, to set aside the alleged fraudulent conveyance of 10 Leonard's property to 10 Boulevard pursuant to Debtor and Creditor Law article 10. The defendants moved pursuant to CPLR 3211 (a) (4) to dismiss the amended complaint in the instant action on the ground that another action was pending between the parties. The Supreme Court granted the defendants' motion, and subsequently adhered to its determination.

Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed on the ground that there is another action pending between the same parties for the same cause of action (*see Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622 [2009]). A court may dismiss an action pursuant to CPLR 3211 (a) (4) where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same (*see Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG*, 110 AD3d 783, 784 [2013]; *Matter of Willnus*, 101 AD3d 1036, 1037 [2012]). It is not necessary that "the precise legal theories presented in the first action also be presented in the second action" (*Matter of Willnus*, 101 AD3d at 1037; *see Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 96 [2013]; *Simonetti v Larson*, 44 AD3d 1028, 1029 [2007]). The critical element is whether both suits arise out of the same subject matter or series of alleged wrongs (*see Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG*, 110 AD3d at 784; *DAIJ, Inc. v Roth*, 85 AD3d 959, 960 [2011]; *Cherico, Cherico & Assoc. v Midollo*, 67 AD3d at 622).

Here, the personal injury action and the instant action do not arise out of the same subject matter or series of alleged wrongs, and do not seek the same or substantially similar relief. The personal injury action arises from the defendants' alleged breach of Labor Law § 200 and the common-law duty to provide a safe workplace, and their alleged violations of the safety require-

ments imposed on property owners by Labor Law §§ 240 (1) and 241 (6). The sole relief sought in the personal injury action is a money judgment for damages. The instant action arises from the post-accident transfer of title of approximately one half of 10 Leonard's property to 10 Boulevard, and the plaintiff seeks various relief authorized by Debtor and Creditor Law article 10, including setting aside the alleged fraudulent conveyance. Contrary to the defendants' contention, the claims asserted in both actions are not "sufficiently similar" to warrant dismissal simply because the plaintiff raised an argument pertaining to constructive fraud as a basis for the imposition of liability upon 10 Boulevard for violation of Labor Law § 240 (1) in the personal injury action. Accordingly, the Supreme Court should not have granted the defendants' motion pursuant to CPLR 3211 (a) (4) to dismiss the amended complaint in the instant action (*see Kent Dev. Co. v Liccione*, 37 NY2d 899, 901 [1975]; *Red Barn Country, LLC v Trombley*, 120 AD3d 1537 [2014]; *Rinzler v Rinzler*, 97 AD3d 215, 217-218 [2012]; *Wharry v Lindenhurst Union Free School Dist.*, 65 AD3d 1035, 1036 [2009]; *Haller v Lopane*, 305 AD2d 370 [2003]). Eng, P.J., Mastro, Roman and Miller, JJ., concur.