■ Lewis R. Brestin, Respondent, v Mark LaBianca et al., Appellants, et al., Defendants. [41 NYS3d 244]—

In an action, inter alia, to recover damages for breach of a partnership agreement, the defendants Mark LaBianca, the Estate of Maddy LaBianca Brestin, also known as Maddy LaBianca, also known as Madda M. Brestin, by her Executor, Mark LaBianca, 206-01 Partners, 221-17 Partners, 113-11 Partners, LLC, and 113-11 Partners Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered October 29, 2015, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (4) to dismiss the amended complaint insofar as asserted against the defendants Mark LaBianca and the Estate of

Maddy LaBianca Brestin, also known as Maddy LaBianca, also known as Madda M. Brestin, by her Executor, Mark LaBianca.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant action concerns the defendants' alleged refusal to forward to the plaintiff his share of declared distributions or profits from three properties in Queens County. The defendants Mark LaBianca (hereinafter Mark), the Estate of Maddy LaBianca Brestin, also known as Maddy LaBianca, also known as Madda M. Brestin, by her Executor, Mark LaBianca (hereinafter the Estate), 206-01 Partners, 221-17 Partners, 113-11 Partners, LLC, and 113-11 Partners Corp. (hereinafter collectively with Mark and the Estate, the defendants), moved, inter alia, pursuant to CPLR 3211 (a) (4) to dismiss the amended complaint insofar as asserted against Mark and the Estate on the ground that there is a pending action raising the same, or substantially similar, claims. The Supreme Court denied that branch of the defendants' motion, and the defendants appeal.

" 'Pursuant to CPLR 3211 (a) (4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same' " (*Mazzei v Kyriacou*, 139 AD3d 823, 824 [2016], quoting *DAIJ, Inc. v Roth*, 85 AD3d 959, 959 [2011]; *see Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622, 623 [2009]; *Liebert v TIAA-CREF*, 34 AD3d 756, 757 [2006]). Here, although the instant action relates to the same properties as the prior, pending action, the plaintiff's allegations in the instant action relate to different wrongs, including wrongs of a different nature and wrongs committed at different times, and different damages. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendants' motion which was to dismiss the amended complaint insofar as asserted against Mark and the Estate (*see Red Barn Country, LLC v Trombley*, 120 AD3d 1537, 1538 [2014]; *cf. Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 96 [2013]). Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.