■ Meryl R. Berger, Individually and Derivatively on Behalf of Nominal Defendant I.G. Federal Electrical Supply Corporation, Respondent, v Ira M. Friedman et al., Appellants. [54 NYS3d 671]—

Appeal from an order of the Supreme Court, Queens County (Duane A. Hart, J.), entered November 4, 2015. The order denied the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the appeal by the nominal defendant is dismissed, as that party is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed on the appeal by the defendants; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The nominal defendant, I.G. Federal Electrical Supply Corporation (hereinafter the corporation), is a third-generation family-owned business engaged in the wholesale distribution of electrical parts. The corporation has always been solely owned

and principally managed by members of the plaintiff's family. The two named individual defendants, Ira M. Friedman and Jodi B. Ehren (hereinafter together the individual defendants), are the plaintiff's siblings. The three siblings entered into a shareholder agreement in 1993, providing that each of the siblings had an equal third of the shares of the corporation. As is relevant to this appeal, the shareholder agreement provided for specific situations in which the shareholders would be required to sell their shares back to the corporation and the corporation would be obligated to purchase those shares.

According to the complaint, the individual defendants, by their actions, attempted to trigger the forced sale of the plaintiff's shares by firing her husband from his position with the corporation, and refusing to permit her to return to the corporation as a full-time employee, two actions the plaintiff contends were improper and violated the shareholder agreement. The plaintiff commenced this action seeking common-law dissolution of the corporation, a declaration that she was not obligated to sell her shares and, derivatively, for an accounting and damages on behalf of the corporation.

The individual defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, contending that, by operation of the shareholder's agreement, the plaintiff's shares were sold back to the corporation and her position as a shareholder of the corporation ended prior to the commencement of this action. Thus, the individual defendants argued, the plaintiff lacked standing to maintain this action and assert causes of action grounded in her status as a shareholder. The Supreme Court denied the motion, finding that the individual defendants had not met their burden of establishing that the plaintiff lacked standing. The defendants appeal.

"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (*New York Community Bank v McClendon*, 138 AD3d 805, 806 [2016]; *see* CPLR 3211 [a] [3]; *Arch Bay Holdings, LLC-Series 2010B v Smith*, 136 AD3d 719 [2016]). Here, the individual defendants failed to establish the plaintiff's lack of standing as a matter of law. The shareholder agreement, submitted by the individual defendants in support of their motion, did not establish that the plaintiff was no longer a shareholder or that she had been divested of her shares in the manner articulated by and in compliance with the shareholder agreement. Accordingly, the

individual defendants' motion was properly denied. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur. 