Feldman v Harari (2020 NY Slip Op 02646)





Feldman v Harari


2020 NY Slip Op 02646


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-15174
 (Index No. 514995/18)

[*1]Alon Feldman, etc., appellant,
v
Yair Harari, etc., et al., respondents.


Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens, NY (Dustin Bowman and Matthew J. Routh of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, NY (Andrew I. Bart and Paul N. Gruber of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 10, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a)(4) to dismiss the complaint.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendants' motion pursuant to CPLR 3211(a)(4) to dismiss the complaint is denied.
In 2007, nonparty Asaf Feldman (hereinafter Asaf) entered into a joint venture with Harari Realty Corp. and Yair Harari (hereinafter together the defendants) to purchase real property in Brooklyn. In 2013, Asaf commenced an action against the defendants (hereinafter the 2013 action) alleging, inter alia, that they had refinanced the property without his consent, appropriated the sum of $50,000 from the refinancing, refused to account to Asaf with respect to the rents, profits, and operations of the property, and refused to pay him the 50% share of the net rents and profits he was due pursuant to the terms of the joint venture agreement. The parties subsequently reached a settlement agreement whereby Asaf would assign his shares in the corporation to his brother, Alon Feldman (hereinafter Alon), the plaintiff in the instant action. The settlement agreement provided that the Supreme Court would retain jurisdiction over the action for the sole purpose of enforcing the parties' settlement agreement and, to the extent that the parties would need to enforce that agreement, that "it should be by motion in the pending action rather than by starting a new action."
In 2018, Alon, individually and derivatively as a shareholder, commenced the instant action, alleging, inter alia, that the defendants had performed illegal construction work on the property in 2017, resulting in liability to Alon, and that Yair had wasted and misused corporate assets, lied to shareholders, failed to make necessary repairs to the property, and taken mortgages on the property without shareholder consent. The defendants moved pursuant to CPLR 3211(a)(4) to dismiss the complaint. In an order dated December 10, 2018, the Supreme Court granted the defendants' motion. Alon appeals, and we reverse.
"Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed on the ground that there is another action pending between the same parties for the same cause of action" (Jadron v 10 Leonard St., LLC, 124 AD3d 842, 843; see [*2]Whitney v Whitney, 57 NY2d 731, 732; Cherico, Cherico & Assoc. v Midollo, 67 AD3d 622, 622). "A court may dismiss an action pursuant to CPLR 3211(a)(4) where there is a substantial identity of the parties and causes of action" (Cherico, Cherico & Assoc. v Midollo, 67 AD3d at 622; see Jadron v 10 Leonard St., LLC, 124 AD3d at 843). "It is not necessary that the precise legal theories presented in the first action also be presented in the second action" (Cherico, Cherico & Assoc. v Midollo, 67 AD3d at 622). Rather, it is sufficient if the two actions are "sufficiently similar" (Montalvo v Air Dock Sys., 37 AD3d 567, 567), and that the relief sought is "the same or substantially the same" (Liebert v TIAA-CREF, 34 AD3d 756, 757). "The critical element is whether both suits arise out of the same subject matter or series of alleged wrongs" (Jadron v 10 Leonard St., LLC, 124 AD3d at 843).
Here, the Supreme Court improvidently exercised its discretion in granting the defendants' motion pursuant to CPLR 3211(a)(4) to dismiss the complaint. The plaintiff in the instant action does not seek to enforce the terms of the settlement agreement reached by the parties in the 2013 action. Indeed, the factual circumstances underlying the instant action, namely the alleged construction of an illegal apartment on the property in 2017, are distinct from those underlying the 2013 action, which primarily concerned the alleged misappropriation of funds from a refinancing of the property undertaken without Asaf's consent. Accordingly, although the instant action relates to the same property as the 2013 action, the plaintiff's allegations in the instant action relate to different wrongs, including wrongs of a different nature and wrongs committed at different times, and different damages (see Brestin v LaBianca, 144 AD3d 722, 723; Clark v Clark, 93 AD3d 812, 815; Zirmak Invs. v Miller, 290 AD2d 552, 553). Under the circumstances, the court should have denied the defendants' motion pursuant to CPLR 3211(a)(4) to dismiss the complaint.
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court