Singe v Bates Troy, Inc. (2022 NY Slip Op 04211)

Singe v Bates Troy, Inc.

2022 NY Slip Op 04211

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

533629
[*1]Thomas Singe, Appellant,
v
Bates Troy, Inc., et al., Respondents.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton (Alan J. Pope of counsel), for respondents.

McShan, J.
Appeals (1) from an order of the Supreme Court (Cerio Jr., J.), entered May 3, 2021 in Broome County, which granted defendants' motion to dismiss the complaint, and (2) from the judgment entered thereon.
Plaintiff was the general manager of defendant Bates Troy, Inc. from 2004 until 2018, when his employment was terminated by defendant Brian Kradjian, the president and majority shareholder of Bates Troy, purportedly for cause. Over the course of his employment, plaintiff received 222.22 restricted shares of Bates Troy, which equated to a 10% interest. Pursuant to the stock purchase agreement and the award of restricted stock agreement between plaintiff and Bates Troy, for-cause termination or voluntary resignation required plaintiff to sell his shares back to Bates Troy for $1, and any other end to plaintiff's employment required him to sell back his shares to Bates Troy or Kradjian, upon their request, at fair market value. Notwithstanding the terms of those agreements, plaintiff's termination letter directed him to simply return the share certificates without mentioning payment. Plaintiff did not comply with those instructions, prompting Kradjian, as the only other shareholder, to conduct a shareholder meeting in August 2018, approve the cancellation of plaintiff's shares and execute a resolution memorializing the cancellation.
In April 2019, Bates Troy brought an action against plaintiff, his son and his separate business, Premier Linen Services, alleging that plaintiff breached his fiduciary duty to Bates Troy, defrauded its customers, embezzled from it and diverted its assets to Premier. Meanwhile, plaintiff brought a separate action against defendants and Kradjian's wife for breach of contract, slander and libel, seeking compensatory and exemplary damages. In that action, plaintiff accused Kradjian of attempting to force his resignation by reducing his job responsibilities, thereby compelling him to give up his Bates Troy shares. According to plaintiff, when that strategy failed, Kradjian falsely accused him of wrongdoing in order to fire him for cause. The parties' dueling actions were eventually consolidated into one (hereinafter the first action).
Nearly two years after litigation began in the first action, plaintiff commenced the instant action in March 2021 seeking an accounting, lost profits, other damages, counsel fees and either judicial dissolution of Bates Troy or a $1 million buyout of his shares. The complaint restated many of the allegations underlying the first action and added, among other things, that Kradjian's father — Kradjian's immediate predecessor as Bates Troy president — had for years used Bates Troy's assets to fund his gambling addiction and engaged in sundry unlawful acts, which Kradjian knew about and ratified.
Defendants moved to dismiss the complaint based on documentary evidence, lack of standing, another action pending between the parties and failure to state a cause of action (see CPLR 3211 [*2][a] [1], [3], [4], [7]). Plaintiff subsequently filed a proposed amended complaint in April 2021, adding a shareholder derivative suit and separate causes of action for breach of fiduciary duty, breach of contract and unjust enrichment. Over plaintiff's opposition, Supreme Court rejected the proposed amended complaint and granted defendants' motion, finding that defendants' evidence demonstrated that plaintiff's shares had been forfeited or canceled, and, as a result, he lacked standing. Plaintiff appeals, and we reverse.
As an initial matter, plaintiff argues that Supreme Court erred in rejecting his proposed amended complaint, and we agree. Plaintiff was not required to seek leave of the court for an amendment because, by our count, plaintiff electronically filed his amended complaint within 20 days of commencing this action (see CPLR 3025 [a]). Thus, Supreme Court improperly treated plaintiff's filing of the amended complaint as a request for leave to file rather than properly deeming it the operative pleading (see Roam Capital, Inc. v Asia Alternatives Mgt. LLC, 194 AD3d 585, 585-586 [2021]; see also Nimkoff Rosenfeld & Schechter, LLP v O'Flaherty, 71 AD3d 533, 533 [2010]). Nevertheless, as part of its determination, Supreme Court necessarily concluded that the grounds for dismissal of the original complaint would apply with equal force to the amended complaint. Indeed, on appeal, the parties' contentions are, in sum and substance, directed at both the original complaint and the amended complaint. We therefore deem it appropriate, "[i]n the circumstances here, where the record on appeal of the final [judgment] permits consideration of . . . purely legal issue[s] that ha[ve] been fully briefed by the parties, in the interest of judicial economy, [to] exercise our discretion to institute the amended complaint as the operative pleading, and consider defendant[s'] motion to dismiss" as it would apply to the amended complaint (Bankers Conseco Life Ins. Co. v Egan-Jones Ratings Co., 193 AD3d 539, 539 [2021]).
When "[p]resented with a motion to dismiss under CPLR 3211, we must accept the facts alleged in the [complaint] as true and accord the nonmoving party the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Beneke v Town of Santa Clara, 28 AD3d 998, 999 [2006] [internal quotation marks and citations omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). We agree with plaintiff that defendants failed to carry their burden "to establish, prima facie, . . . plaintiff's lack of standing as a matter of law" (Berger v Friedman, 151 AD3d 678, 679 [2017] [internal quotation marks and citation omitted]; see CPLR 3211 [a] [3]; see also BAC Home Loans Servicing, LP v Bixby, 135 AD3d 1009, 1010 [2016], lv dismissed 27 NY3d 1014 [2016]). A minority shareholder who owns less than a 20% interest in a corporation has "a common-law right to dissolution [*3]of a corporation . . . where the officers or directors of the corporation are engaged in conduct which is violative of their fiduciary duty to shareholders" (Lewis v Jones, 107 AD2d 931, 932 [1985]; see Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093, 1099 [2018]; Matter of Candlewood Holdings, Inc. [Moore], 124 AD3d 775, 776 [2015]; compare Business Corporation Law § 1104-a). Nothing in the record indicates that defendants bought back plaintiff's shares as apparently required by the stock purchase agreement and the award of restricted stock agreement. Moreover, we find that the documentary proof relied upon by defendants fails to "utterly refute[] plaintiff's factual allegations" and "conclusively establish[] a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; accord Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 175 [2021]), as it is far from clear whether the August 2018 resolution validly canceled plaintiff's shares, which had previously vested and were therefore plaintiff's property (see Zyskind v FaceCake Mktg. Tech., Inc., 110 AD3d 444, 446 [2013]). Accordingly, as defendants failed to conclusively establish, through documentary evidence or otherwise, that plaintiff was no longer a Bates Troy shareholder when he commenced this action (see Hartshorne v Roman Catholic Diocese of Albany, N.Y., 200 AD3d 1427, 1429-1430 [2021]; compare Weiner v Anesthesia Assoc. of W. Suffolk, 203 AD2d 455, 457 [1994]), dismissal of the amended complaint pursuant to CPLR 3211 (a) (1), (3) and (7) would be improper (see Berger v Friedman, 151 AD3d at 679-680; compare Matter of Polish Youth Assn. v DOM, Inc., 77 AD3d 838, 838 [2010]).
As to dismissal pursuant to CPLR 3211 (a) (4), defendants must demonstrate that "both suits arise out of the same actionable wrong and that there is no good reason why one action should not be sufficient to resolve the disputed issues" (LaBuda v LaBuda, 174 AD3d 1013, 1014 [2019] [internal quotation marks and citation omitted]; see CPLR 3211 [a] [4]; Red Barn Country, LLC v Trombley, 120 AD3d 1537, 1538 [2014]). The first action concerned plaintiff's status as a former Bates Troy employee and alleged that defendants breached the stock purchase agreement or the award of restricted stock agreement when they wrongfully deprived plaintiff of his shares, which were part of his compensation, entitling him to damages. By contrast, the claims in this action arise from plaintiff's status as a putative minority shareholder, and he frames defendants' alleged unlawful conduct and his wrongful termination as oppression for which he seeks dissolution of Bates Troy or a buyout of his shares (cf. Matter of Williamson v Williamson, Picket, Gross, 259 AD2d 362, 362 [1999]). Although both actions proceed from the same general allegations of malfeasance by Kradjian, the amended complaint in this action, in effect, seeks "different damages" for "different wrongs[*4]" than sought in the first action (Feldman v Harari, 183 AD3d 629, 631 [2020]). Accordingly, as the claims in the amended complaint are not "the same cause of action," dismissal is unwarranted at this stage (CPLR 3211 [a] [4]; see Sprecher v Thibodeau, 148 AD3d 654, 656 [2017]; Blank v Schafrann, 167 AD2d 745, 746 [1990]).
Egan Jr., J.P., Clark, Aarons and Fisher, JJ., concur.
ORDERED that the order and judgment are reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court to permit defendants to serve an answer to the amended complaint within 20 days of the date of this Court's decision.