J.S.S. v H.S. (2024 NY Slip Op 50447(U))

[*1]

J.S.S. v H.S.

2024 NY Slip Op 50447(U)

Decided on April 18, 2024

Supreme Court, Kings County

Quiñones, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 18, 2024
Supreme Court, Kings County

J.S.S., Plaintiff,

against
H.S., Defendant.

Index No. XXXXX

Attorney for Plaintiff:
Merson Law, PLLC
By: Kimberly Kramer, Esq. and Jordan Merson, Esq. 
950 Third Avenue, Floor 18
New York, New York 10022
Attorney for Defendant:
Ansell Grimm & Aaron, P.C.
By: Joshua Bauchner, Esq.
365 Rifle Camp Road
Woodland Park, New Jersey 07424

Joanne D. Quiñones, J.

Recitation, as required by CPLR 2219 (a) of the papers considered in review of this motion:
Papers NYSCEF Document Nos.
Notice of Motion, Affidavits (Affirmations), Exhibits Annexed 3-9
Answering Affidavits (Affirmations) and Exhibits Annexed 10-12
Reply Affidavits (Affirmations) and Exhibits Annexed 13-14
This action was commenced on December 30, 2022, pursuant to the Child Victims Act (CVA), CPLR 214-j. Plaintiff alleges that from approximately 1997 and continuing until approximately 2003, when Plaintiff was approximately four to five years old until the age of 10, she was subjected to repeated sexual abuse by Defendant, her grandfather. Defendant moves to dismiss the complaint pursuant to CPLR 3211(a)(4) and 327(a) and for an award of counsel fees. Plaintiff opposes the relief requested. 
 BACKGROUND
On or about August 19, 2022, Plaintiff commenced an action against Defendant in the Superior Court of New Jersey, Monmouth County, captioned J.S.S. v S.S.[FN1]
(the New Jersey action) (see Defendant's Exhibit A). In the New Jersey action, Plaintiff alleges that Defendant continuously sexually abused her from the age of three to 17 years old. Plaintiff seeks damages in the New Jersey action alleging Defendant violated the New Jersey Child Sex Abuse Act and committed, inter alia, battery, assault, and intentional infliction of emotional distress.
On December 30, 2022, Plaintiff initiated the instant action by e-filing the summons and verified complaint with the King's County Clerk, alleging claims under New York's CVA (see NYSCEF Doc Nos. 1, 6).
By order dated May 12, 2023, the Monmouth County Superior Court granted Plaintiff summary judgment solely on the issue of liability (see Defendant's Exhibit C).
Defendant filed the instant motion on July 10, 2023, seeking dismissal of this action on two grounds: (1) the instant action is duplicative of the New Jersey action, pursuant to CPLR 3211(a)(4); and (2) forum non conveniens, pursuant to CPLR 327(a). Defendant argues that the instant claims are identical to the claims raised in the New Jersey action and arise out of the same actions and occurrences. 
Plaintiff opposes and distinguishes this case from the New Jersey action as one "about a New York resident who, as a minor child, was continually sexually abused by her grandfather . . . in his Brooklyn residence" (Kramer Aff ¶ 4). Thus, Plaintiff submits that New York is the appropriate forum for these claims because the sexual abuse at issue occurred at Defendant's New York residence and Plaintiff is a New York resident. Plaintiff further argues that the New York action is not duplicative of the New Jersey action because the conduct complained of in each is "based on distinct and separate acts of sexual abuse occurring in different states and being brought under different laws" (id. ¶ 25).

 
 DISCUSSION
Other Action Pending — CPLR 3211(a)(4)
A court may dismiss an action pursuant to CPLR 3211(a)(4) where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." Dismissal on this ground is proper "where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (Jadron v 10 Leonard St., LLC, 124 AD3d 842, 843 [2d Dept 2015]; see Aurora Loan Services, LLC v Reid, 132 AD3d 788, 788-789 [2d Dept 2015]). However, dismissal under CPLR 3211(a)(4) is not mandatory, and the court has broad discretion in determining whether dismissal should ensue on this ground (Feldman v Harari, 183 AD3d 629, 629 [2d Dept 2020]).
With respect to the first prong, substantial identity of the parties, there is no doubt that this prong is satisfied (see Barringer v Zgoda, 91 AD2d 811, 811 [3d Dept 1982] ["Substantial, not complete, identity of parties is all that is required"]). The parties in this action and the named parties in the New Jersey action are identical (compare NYSCEF Doc No. 5, NJ Complaint, with NYSCEF Doc No. 6, NY Complaint).
As to the second and third prongs, "[t]he critical element is that both suits arise out of the same subject matter or series of alleged wrongs" (Cherico, Cherico & Assoc. v Midollo, 67 [*2]AD3d 622, 622 [2d Dept 2009] [internal quotation marks omitted], quoting White Light Productions, Inc. v On the Scene Productions, Inc., 231 AD2d 90, 94 [1st Dept 1997]). A cursory review of the New Jersey complaint as compared to the New York complaint would lend some credit to Defendant's argument that the actions are "sufficiently similar" and the relief sought "substantially the same" (Cherico, Cherico & Assoc., 67 AD3d at 622). In both actions, Plaintiff seeks to hold Defendant liable for battery, assault, and intentional infliction of emotional distress stemming from allegations of her repeated sexual abuse by Defendant. However, a more circumspect review of the complaints reveals clear differences in the two actions notwithstanding some overlapping issues.
The facts of this case are analogous to Feldman v Harari (183 AD3d 629 [2d Dept 2020]). In Feldman, the Second Department found that a shareholder's subsequent action for breach of fiduciary duty had distinct factual circumstances from a prior action for alleged misappropriation of funds (id.). The Court found that the two actions related to the same property but held that where the allegations in the second action "relate to different wrongs, including wrongs of a different nature and wrongs committed at different times, and different damages," dismissal under CPLR 3211(a)(4) is improper (id. at 629). Similarly, here, each of Plaintiff's actions relate to wrongs committed during distinct periods of time in different states; thus, the court agrees that Plaintiff's actions are "based on distinct and separate acts of sexual abuse occurring in different states and being brought under different laws" (see Kramer Aff ¶ 25; Brestin v LaBianca, 144 AD3d 722, 723 [2d Dept 2016]). In the first case, the New Jersey action, Plaintiff seeks damages for child sexual abuse that occurred from the age of three or four years old and continuing until the age of 17 years old (see NYSCEF Doc No. 5). In the instant action, Plaintiff seeks to hold defendant liable for child sexual abuse that occurred from the age of approximately four or five years old to 10 years old (see NYSCEF Doc No. 6). Additionally, Plaintiff's New Jersey action only seeks damages for abuse that occurred in New Jersey whereas this action only references abuse that occurred in New York. Therefore, "[t]he purposes of the two actions are entirely different" (Arred Enterprises Corp. v Indem. Ins. Co. of N. Am., 108 AD2d 624, 627 [1st Dept 1985]).
Under the circumstances of this case, dismissal pursuant to CPLR 3211(a)(4) is inappropriate.
Forum Non Conveniens — CPLR 327(a)
CPLR 327(a) permits a court, in its discretion, to dismiss an action, although jurisdictionally sound, on forum non conveniens grounds if substantial justice is better served by the action being heard in another forum. In determining whether the action should be heard in New York, the court must "balance the various competing factors [and] determine in the exercise of its sound discretion whether to retain jurisdiction or not" (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]). Factors to be considered include, but are not limited to, the burden on the New York court system, potential hardship to the defendant, the unavailability of an alternative forum in which plaintiff may bring suit, the residency of both parties, whether the conduct at issue occurred primarily in a foreign jurisdiction, location of potential witnesses and evidence, and the potential applicability of foreign law (see Pahlavi, 62 NY2d at 479; Bangladesh Bank v Rizal Commercial Banking Corp., — NYS3d —, 2024 NY Slip Op 01112, *5 [1st Dept 2024]; Boyle v Starwood Hotels & Resorts Worldwide, Inc., 110 AD3d 938, 939 [2d Dept 2013], affd 23 NY3d 1012 [2014]; Tiger Sourcing (HK) Ltd. v GMAC Commercial Fin. Corp.-Can., 66 AD3d 1002, 1003 [2d Dept [*3]2009]). "[T]he burden is on the movant to demonstrate the relevant private or public interest factors that militate against a New York court's acceptance of the litigation" (Wild v Univ. of Pennsylvania, 115 AD3d 944, 945 [2d Dept 2014]). The resolution of a forum non conveniens argument is left to the sound discretion of the trial court upon weighing all pertinent considerations (Estate of Kainer v UBS AG, 37 NY3d 460, 467 [2021], quoting Mashreqbank PSC v Ahmed Hamad Al Gosaibi & Bros. Co., 23 NY3d 129, 137 [2014]).
In this case, the court considered and balanced the relevant factors. Currently, Plaintiff resides in New York and Defendant is a New Jersey resident. During the period of the alleged abuse, Plaintiff resided in New Jersey and Defendant resided in New York. Plaintiff "chose New York as the forum and there exists a [rebuttable] presumption that New York residents are entitled to use its judicial system" (Moschera v Muraca, 148 AD2d 591 [2d Dept 1989] [internal quotations omitted], quoting Nevader v Deyo, 111 AD2d 548, 551 [3d Dept 1985]; see Broida v Bancroft, 103 AD2d 88, 92 [2d Dept 1984]). Neither party identified any potential nonparty witnesses or evidence located outside of New York State (cf. Wild, 115 AD3d at 946 [New York is inconvenient forum where all but one witness and all evidence are in Pennsylvania, and underlying events occurred in Pennsylvania]).
The abuse alleged in this action occurred entirely in New York. It is axiomatic that New York has a strong interest in deterring the commission of tortious acts within the State and a special interest in protecting children from sexual abuse within its borders (see generally CPLR 302[a][2]; WCVAWCK-Doe v Boys & Girls Club of Greenwich, Inc., 216 AD3d 1 [2d Dept 2023]). Moreover, the burden on the New York court system is de minimis. The opposite conclusion under these circumstances would be in direct contravention of the express legislative intent. When the CVA was enacted, the legislature clearly indicated that "New York is one of the worst states in the nation for survivors of child sexual abuse . . . This legislation would open the doors of justice to the thousands of survivors of child sexual abuse in New York State" (Senate Introducer's Mem in Support of 2019 NY Senate Bill 2440, Bill Jacket, L 2019, ch 11 [emphasis added]). Moreover, when the window period for CVA claims was extended the legislature explained its justification as, among other things, to "provide more time to notify New Yorkers about the new law and allow more survivors to seek the justice that was denied them by New York's formerly prohibitive civil statute of limitations" (Senate Introducer's Mem in Support of 2020 NY Senate Bill 7082, Bill Jacket, L 2020, ch 130). Thus, the legislature and consequently the courts anticipated increased litigation for abuse claims that are substantially related to New York. Moreover, it is worth noting that Defendant does not argue that New Jersey has an interest in adjudicating a claim arising under New York's CVA for conduct that occurred exclusively in New York (cf. Shin-Etsu Chem. Co., Ltd. v 3033 ICICI Bank Ltd., 9 AD3d 171, 178 [1st Dept 2004] ["where a foreign forum has a substantial interest in adjudicating an action, such interest is a factor weighing in favor of dismissal"]).
Similarly, Defendant did not sufficiently state what hardship, if any, he would suffer if this case were to continue in New York. Rather, Defendant submits that principles of comity and the risk of inconsistent judgments compel Plaintiff to adjudicate her claims in New Jersey. The court disagrees. Defendant fell short of demonstrating that continuation of this action could result in an inconsistent judgment. A ruling on the abuse Plaintiff was subjected to in New Jersey does not bind a factfinder deciding liability and damages on the abuse Plaintiff was subjected to in New York. While it is true that "a plaintiff with a transitory cause of action has a wide choice of forums in which to sue," the forum non conveniens doctrine is imposed to ensure [*4]that a plaintiff's selected forum has sufficient "relation either to the cause of action or to the parties and [is not] selected by the plaintiff with the purpose of unduly burdening or harassing a defendant" (Silver v Great Am. Ins. Co., 29 NY2d 356, 360 [1972]). There is no indication on these papers that Plaintiff's forum selection was designed to unduly burden or harass Defendant.
The court has also weighed the feasibility of staying this action pending resolution of the New Jersey case (see CPLR 327[a] [court may stay action upon motion of a party]; CPLR 2201 [court may sua sponte grant stay of proceedings in a proper case]). In the absence of a reasonable possibility of inconsistent judgments, duplicative proof, or potential waste of judicial resources, the court finds a stay improper.
The facts advanced in this motion make clear that this case has a substantial nexus to New York (see Cont. Ins. Co. v Garlock Sealing Tech., LLC, 23 AD3d 287, 288 [1st Dept 2005] [the action's strong connection to NY supported denial of motion to dismiss notwithstanding another similar action between the parties, temporally proximate to the NY action, was pending in Pennsylvania]). Under the totality of the circumstances presented and after balancing the above-mentioned factors, Defendant has failed to demonstrate that New York is an inconvenient forum and that New Jersey will better serve the ends of justice and the convenience of the parties.
Attorneys' Fees
Defendant seeks an award of "reasonable attorneys' fees and costs incurred" (see NYSCEF Doc No. 1, Notice of Motion). As a general rule, attorneys' fees are considered "incidents of litigation" and not ordinarily awarded unless authorized by agreement between the parties, statute, or court rule (Congel v Malfitano, 31 NY3d 272, 290-291 [2018]; Mount Vernon City School Dist. v Nova Cas. Co., 19 NY3d 28, 39 [2012]; see Xiaokang Xu v Xiaoling Shirley He, 147 AD3d 1223, 1226 [3d Dept 2017]). Here, Defendant failed to identify any agreement, statute, or court rule authorizing an award of counsel fees. Therefore, this branch of relief is denied without prejudice.

 CONCLUSION
In accordance with the foregoing, it is hereby:
ORDERED that Defendant's notice of motion to dismiss this action (motion sequence no. 1) is denied in its entirety; and it is further
ORDERED that the parties shall proceed with discovery pursuant to Case Management Order No. 2 (CMO No. 2), Section IX(B)(1) and submit a first compliance conference order within 30 days of entry of this decision and order; and it is further
ORDERED that Plaintiff shall serve a copy of this decision and order, with notice of entry, upon Defendant within seven (7) days of entry. Plaintiff shall e-file an affidavit of said service. 
Any issue raised and not decided herein is denied.
This constitutes the decision and order of the court.
Dated: April 18, 2024
E N T E R:
Hon. Joanne D. Quiñones
Justice of the Supreme Court

Footnotes

Footnote 1:Identifying names are redacted for publication.