# TD Bank, N.A. v Berkovits

2025 NY Slip Op 32480(U)

July 11, 2025

Supreme Court, Kings County

Docket Number: Index No. 526313/2024

Judge: Carolyn Mazzu Genovesi

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part FRP-5 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 11 day of July 2025.

Present: Hon. Carolyn Mazzu Genovesi

-------------------------------------------------------------------X

TD BANK, N.A.,                                                    01

                                Plaintiff,

           -against-

HARRY BERKOVITS AS HEIR TO THE ESTATE OF EVA BERKOVITS, SAMUEL BERKOVITS AS HEIR TO THE ESTATE OF EVA BERKOVITS, FAIGY BERKOVITS A/K/A FAIGE BERKOVITZ AS HEIR TO THE ESTATE OF EVA BERKOVITS, ANY AND ALL OTHER HEIRS TO THE ESTATE OF EVA BERKOVITS, KNOWN OR UNKNOWN, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, UNITED STATES OF AMERICA, 'JOHN DOE #1' through 'JOHN DOE #12', said names being fictitious, parties intended being possible tenants or occupants of premises, and corporations, other entities or persons who claim, or may claim, a lien against the premises,

                             Defendants,

-------------------------------------------------------------------X

DECISION AND ORDER

Index No.: 526313/2024

Mot. Seq. 1

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF Numbered |
|---|---|
| Motion (MS # 1), Affirmation in Support, Exhibits | 29-35 |
| Memorandum of Law in Opposition, Exhibit | 39, 40 |
| Reply Affirmation | 42 |
| Supplemental Affirmation in Opposition, Exhibit | 43, 44 |

On January 24, 2011, Mortgagor, Eva Berkovits entered into a loan transaction whereby

TD Bank provided an equity line of credit for a property located at 5309 12th Avenue, Brooklyn,

1

[* 1]

New York. The Mortgage was recorded with the Office of the City Register of the City of New York, Kings County, on March 7, 2011.

In this third action to foreclose a mortgage Harry Berkovits, Samuel Berkovits, and Faigy Berkovits ("defendants") move to dismiss the complaint as barred by the statute of limitations and because there was another action pending when this case was commenced, pursuant to CPLR 3211(a)(4).

FACTS

TD Bank, N.A. ("plaintiff") commenced two actions to foreclose the same subject mortgage prior to this third action. On February 15, 2018, plaintiff commenced its first action (503244/2018) to foreclose the subject mortgage (2018 Action). The 2018 Action was voluntarily discontinued by an Order of Justice Robin K. Sheares dated April 8, 2021, and entered April 15, 2021. On October 9, 2023, plaintiff commenced its second action (529149/2023) to foreclose the subject mortgage (2023 Action).

After commencing the 2023 action, defendant Eva Berkovits's attorney answered the second action on November 11, 2023, providing affirmative defenses and filing interrogatories. Thereafter pre-settlement conferences were scheduled on January 30, 2024, and April 4, 2024. At the April 4, 2024, settlement conference, plaintiff learned from defense counsel that the named defendant in that action, Eva Berkovits, had died in 2022, prior to the filing of the 2023 Action. Thereafter the settlement conference was adjourned for defendant to provide a death certificate which was produced at the settlement conference on June 5, 2024.

As a result, in the 2023 Action, plaintiff filed a Proposed Order to Show Cause (OSC) on July 24, 2024, to discontinue the 2023 Action and for leave to commence a new action,

[* 2]

among other relief. Justice Cenceria P. Edwards (J. Edwards) signed the OSC in August 2024 and made the Order to Show Cause returnable on September 25, 2024. By Order entered on February 18, 2025, J. Edwards dismissed the 2023 Action and found it was a nullity because the named defendant, Eva Berkovits, was deceased when the 2023 Action was commenced. That Court stated in its decision that it found "that dismissal, rather than discontinuance, is the appropriate remedy." The Court failed to directly address that branch of plaintiff's motion for leave to commence a new action. Nevertheless, the court determined that because Eva Berkovits was the sole borrower and mortgagor and the only other named defendants are those listed as "John Doe #1" through "John Doe #12," and described as possible tenants, occupants, or others, those anonymous parties had never been identified and therefore this action could not be maintained solely as against them.

In the interim, on September 27, 2024, plaintiff commenced this third action (2024 Action), without seeking leave of court, in between the date the OSC in the 2023 Action was argued and heard and before J. Edwards rendered the decision in February 2025. Defendants, Eva Berkovits's heirs, now move to dismiss pursuant to RPAPL 1301(3), for failure to seek leave of court pursuant under CPLR 3211(a)(4) and to dismiss for failure to comply with the statute of limitations under CPLR 3211(a)(5) on the 2024 Action.

PARTIES' ARGUMENTS

In this motion defendant asserts the statute of limitations was expired at the commencement of the 2024 Action. They assert that because that the mortgage was accelerated on February 15, 2018 (filing of 2018 Action), it expired on February 14, 2024, six years later and because this third action was filed on September 27, 2024, it was outside the statute of limitations. Defendant further asserts that the parties' prior discontinuance on April 8, 2021,

3

[* 3]

cannot be considered a deacceleration of the mortgage and a stop to the running of the statute of limitations because of the change in law under the Foreclosure Abuse Prevention Act (FAPA), which was passed in December of 2022, and now provides specific requirements for deacceleration to stop the statute of limitations, which are not present in this action. And further, because FAPA is retroactive those changes apply to the instant case.

Plaintiff asserts that under the factual circumstances of this matter, justice and equity warrant estoppel of defendant's seeking a dismissal because in the 2023 Action, it was unaware that defendant Eva Berkovits was deceased[1] because of defendant's affirmative wrongdoing. Plaintiff provides that it was misled as defendant's counsel continued to participate in the 2023 Action which was in ligation for five months without notifying them that Eva Berkovits was deceased. Further, that defense counsel's appearance in the 2023 Action included providing an Answer, with counterclaims, requesting a loan modification for the deceased defendant, and actively participating in mandatory foreclosure settlement conferences (February 20, 2024, April 4, 2024) on behalf of the deceased.

Secondly, plaintiff asserts that this 2024 Action is timely because at the time of the filing of the 2023 Action the statute of limitations had not run. This is because of the Covid-19 Pandemic Executive Orders issued a toll on the statute of limitations for a period of 228 days and therefore when calculated the statute of limitations did not expire until September 30, 2024, and because this action was filed on September 27, 2024, it is timely. Thirdly, plaintiff asserts that although plaintiff is the same party in the prior action but the defendants – Harry Berkovits, Samuel Berkovits, and Faigy Berkovits– were not named as party defendants in the 2023 Action

---

[1] She was deceased on August 29, 2022

[* 4]

(only Eva Berkovits, the deceased and John Does were named), under CPLR 3211(a)(4) defendants cannot claim that they are the same in both actions, as they were not common defendants and were not substantially identified parties in the prior actions. Therefore, because there was no substantial identity of the defendants in both actions under CPLR 3211(a)(4), the court should use its discretion in favor of the plaintiff by determining that the action should not be dismissed.

### LAW AND ANALYSIS

#### Statute of limitations

To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, the "defendant bears the initial burden of demonstrating… that the time within which to commence the action has expired" (*U.S. Bank N.A. v. Gordon*, 158 A.D.3d 832,834-845 [2d Dep't 2018] quoting *Stewart v. GDC Tower at Greystone*, 138 A.D.3d 729, 729 [2d Dep't 2016]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (*U.S. Bank N.A. v Gordon* at 835 quoting *Barry v. Cadman Towers, Inc.,* 136 A.D.3d 951, 952 [2d Dep't 2016]).

The statute of limitations for a mortgage foreclosure action is six years. CPLR 213(4) provides that:

> *4. [A]n action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein;*
>
> *(a) In any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the*

5

[* 5]

*instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated.*

"When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt" (*Wells Fargo Bank, N.A. v. Rutty,* 206 A.D.3d 862, 863 [2d Dep't 2022] quoting *Deutsche Bank Trust Co. Ams. v. Marous,* 186 A.D.3d 669, 670 [2d Dep't 2020]). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (*GMAT Legal Title Trust 2014–1 v. Kator,* 213 A.D.3d 915, 916 [2d Dep't 2023]).

On March 20, 2020, former Governor Andrew Cuomo issued executive order No. 202.8 tolling statutes of limitations *(Brash v. Richardson,* 195 A.D.3d 582, 584 [2d Dep't 2021]). Former Governor Cuomo issued a series of nine subsequent executive orders further tolling the statute of limitations through November 3, 2020 (*Id*). Accordingly, the statute of limitation was tolled for a total of 228 days (*McLaughlin v. Snowlift, Inc.,* 214 A.D.3d 720, 721 [2d Dep't 2023]).

Accordingly, the court finds that the first 2018 Action is based on the same note as the 2023 Action and this 2024 Action. Therefore, pursuant to CPLR 213(4), the 2018 Action accelerated the mortgage, and the six-year statute of limitations began to run on February 15, 2018. Applying the covid toll of 228 days to the running of the statute of limitations, the court finds that the statute of limitations did not expire until September 30, 2024, therefore when this case was filed on September 27, 2024, the statute of limitations had not yet expired.

6

[* 6]

Dismissal pursuant to RPAPL 1301(3) and CPLR 3211(a)(4)

Under CPLR 3211(a)(4) a party may move to dismiss a cause of action asserted against them if "there is another action pending between the same parties for the same cause of action." Further "the court need not dismiss upon this ground but may make such order as justice requires." A court has broad discretion in determining whether the action should be dismissed based upon another action pending where there is a substantial identity of parties, the two actions are similar, and the relief sought is essentially the same (*Brestin v LaBianca* 144 A.D.3d 722, 723 [2d Dep't 2016]).

RPAPL 1301(3)

RPAPL 1301(3), as amended by the Foreclosure Abuse Prevention Act ("FAPA"), states:

> While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought. The procurement of such leave shall be a condition precedent to the commencement of such other action and the failure to procure such leave shall be a defense to such other action. For purposes of this subdivision, in the event such other action is commenced without leave of the court, the former action shall be deemed discontinued upon the commencement of the other action, unless prior to the entry of a final judgment in such other action, a defendant raises the failure to comply with this condition precedent therein, or seeks dismissal thereof based upon a ground set forth in paragraph four of subdivision (a) of rule thirty-two hundred eleven of the civil practice law and rules. This subdivision shall not be treated as a stay or statutory prohibition for purposes of calculating the time within which an action shall be commenced and the claim interposed pursuant to sections two hundred four and two hundred thirteen of the civil practice law and rules.

The Appellate Division, Second Department has held that FAPA is retroactive and applies to cases and claims that predate FAPA's enactment in 2022 (*97 Lyman Avenue, LLC v. MTGLQ Investors, L.P.,* 233 A.D.3d 1038, 1042 [2d Dep't 2024]; *Deutsche Bank National Trust Company*

7

*v. Dagrin*, 233 A.D.3d 1065, 1067-1068 [2d Dep't 2024]). Moreover, the Second Department has found the retroactive application of FAPA does not run afoul of the United States or New York State Constitutions (*Id).*

Here the court determines that RPAPL 1301(3) is not relevant to this matter since J. Edwards dismissed the 2023 Action because it was determined that service on a deceased person was not valid as it is the named personal representative of the decedents' estate that must be served. Additionally, where a mortgagor dies prior to the commencement of a foreclosure action and is served it is a legal nullity *(Fed. Natl. Mtge. Assn. v Tudor,* 185 A.D.3d 905, 906 [2d Dep't 2020]). Therefore, because the 2023 Action was determined to be a nullity, the court finds that there was no "prior action pending" and that plaintiff did not need to seek leave to file this 2024 Action.  Additionally, the court finds that the defendants are not substantially the same as in the 2023 Action as J. Edwards also determined in that in the 2023 Action the John Does #1 through # 12 were not identified as the heirs but were identified as possible tenants, occupants or other anonymous parties.

Accordingly, this court finds that the defendant heirs in this matter are not substantially the same as in the 2023 Action and therefore dismissal is not warranted on the grounds that they had another action pending, even though the relief sought is the same.

<u>Equitable relief</u>

Judiciary Law Section 487 provides in subdivision (1) that an attorney who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party is committing misconduct. The New York Rules of Professional Conduct 22 NY 1200, also provide that an attorney cannot bring non-meritorious claims, make contentions or provide

8

facts that are misrepresentations, make false statements to the tribunal, knowingly assert material facts, or suppress evidence (See Rules of Professional Misconduct Rule 3.1; 3.3; 3.4).

At oral argument a *per diem* attorney appeared for defense counsel on this motion and the Court questioned that attorney as to the misrepresentations made by defense counsel both in the 2023 Action and in the making of this motion to dismiss particularly in regard to the statute of limitations. The attorney appearing on behalf of defense counsel represented that defense counsel did not purposely seek to prejudice plaintiff by delaying the dismissal of the 2023 Action thereby running the statute of limitations for five months to benefit his client. As an excuse for his numerous affirmative actions on behalf of a deceased person, through *per diem* counsel, he provided an explanation that he was the attorney appearing for the family in general, which were long term clients.

In deciding of this motion, this court cannot determine whether defendant's counsel was purposeful in the misrepresentations to gain an advantage. Even so, this court determines that defense counsel's behavior was inappropriate, that his actions were misrepresentations and that the delay of the five months in notification of his client's death in the 2023 Action placed plaintiff in a disadvantageous position with regard to running the statute of limitations for them to file a timely foreclosure action.

Accordingly, the court also denies the defendant's motion to dismiss on equitable grounds. For the foregoing reasons it is hereby

9

[* 9]

ORDERED that the motion to dismiss (MS #1) is DENIED in all respect.

This constitutes the Decision and Order the Court.

E N T E R

*Carolyn M. Genovesi*

Hon. Carolyn Mazzu Genovesi

10